Dugas vs. Mathews and others.

No. 93.—LEWIS A. DUGAS, plaintiff in' error, vs. JOHN R. MA-
THEWS et al. defendants in error.

[1.] Upon the trial of an issue formed on the answer of garnishees, on the
appeal, it is competent for them to take exception to the evidence of the
plaintiff, tendered to show that he is the assignee of the judgment upon
which the garnishment issued.

[2.] The transfer of a negotiable note, upon which suit is pending, held to
convey such an· interest in the judgment obtained thereon in the name of
the transferrer, as will enable the transferree to sue out process of garnish-
ment thereon.

[3.] Under the Act of 1829, authorizing the transfer of judgments and execu-
tions, by written assignment or control : Held, that a formal deed of assign-
ment is not necessary, but that evidence in writing, which shows that the
plaintiff has conveyed the interest in the judgment or execution to the
person claiming to be assignee, will be sufficient to enable him to sue out
process of garnishment thereon.

Garnishment, in · Habersham Superior Court.    Tried before
Judge JAMES JACKSON, October Term, 1850.

This was a summons of garnishment, issued in the name of
Lewis A. Dugas, as a creditor of the Habersham Iron Works &
Manufacturing Company, on a judgment obtained against them
by Lewis F. E. Dugas, and transferred to and controlled by the
plaintiff.    The summons was served on John R. Mathews and
James R. Wyly, who answered, denying any indebtedness to
the company.    This answer was traversed, issue joined and a
trial had.

On the appeal, plaintiff offered in evidence the judgment ob-
tained against the Iron Works Company in the name of L. F. E.
Dugas.    Defendants objected to its admission until plaintiff
should show his control.

Plaintiff insisted that it was too late at that stage of the case
to contest his right to issue the garnishment, which was over-
ruled by the Court.

Plaintiff then offered a written assignment by L. F. E. Du-
gas, of the original note of the Habersham Iron Works & Man-
ufacturing Company, to the plaintiff, L. A. Dugas, given while

the note was in suit, and also a letter of said L. F. E. Dugas, written since the judgment was obtained, in which he stated that he had transferred said judgment to Lewis A. Dugas.

The Court held that the evidence was not sufficient to show that plaintiff was entitled to control said judgment, so as to issue summons of garnishment thereon, and ruled out the evidence accordingly.

Whereupon the plaintiff suffered a verdict, and excepted to the ruling of the Court on the points stated.

STANFORD and COBB & HULL, for plaintiff in error.

J. W. H. UNDERWOOD, for defendants.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] The exception taken upon the trial, to the admissibility of the evidence going to show the plaintiff's control of the judgment and execution, was not, in our judgment, too late. The argument against the exception being within time is, that the garnishees having answered, and joined issue upon the truth of that answer, have admitted the plaintiff's right to summons them ; that is, they have admitted that he, in this case, is the owner of the judgment upon which the summons issues. Farther, it is said that the evidence is irrelevant to the issue, that being a single question, to wit : indebtedness or not, on the part of the garnishees to the defendant in execution. It is true that this is the issue, and the plaintiff in garnishment holds the affirmative ; but upon the trial of the issue, either at Common Law or on the appeal, he must first show himself rightfully in Court. He must show that he is the creditor of the creditor of the garnishee. That is a part of his case. The answering of the garnishees does not admit that—indeed, it admits nothing. They are not estopped by answering, to deny the plaintiff's ground of process against them. The control of the judgment was the foundation of the plaintiff's proceedings against the garnishees. It was incumbent on him to show it on the trial. Any exception then, to the competency of the evidence to prove it, was regular.

[2.] The next and only farther question made in this record is, did the Court err in rejecting the evidence offered by the plaintiff to prove it? To determine this question, it is necessary to advert to the Statutes which authorize garnishments, and to the state of the pleadings. By the Act of 1822, it is made lawful for the plaintiff or his attorney, to issue summons of garnishment in all cases pending in any Court of the State, provided the plaintiff, his agent or attorney, shall make affidavit of the amount of the debt or demand which he believes to be due, and that he is apprehensive of the loss of the same, or some part thereof, unless such summons do issue. This affidavit is filed in the office of the Clerk of the Court where the suit is pending. By the Act of 1834, the provisions of this Act are extended to all cases, whether at Law or in Equity. By the Act of 1822, garnishment issues in behalf of a plaintiff in a judgment, upon the oath of the plaintiff, his agent or attorney, (in addition to the oath required in cases of suit pending as stated above,) if required to make oath by the defendant, the garnishee, or the plaintiff or his attorney, in any younger judgment, that he believes the sum apparently due on the judgment and claimed by him, is actually due, provided the proper officer shall enter on the execution issued on the judgment, that there is no property to be found. *Prince*, 36, 37, 41. Under these Acts, the proceedings in this case were instituted upon the oath of Col. Stanford, the attorney of the plaintiff in garnishment. His oath corresponds with the declaration in regular suits, and is the plaintiff's initiatory pleading. Strictness in pleading is not required under our Garnishment Laws. The plaintiff's case is regularly brought before the Court, if the oath contains all that the Statutes require. This oath does contain the statutory requirements. It contains more, and more became necessary by reason of the peculiar features of this case. Col. Stanford swears that he is the attorney at law of Lewis A. Dugas; that the Habersham Iron Works & Manufacturing Company, (the defendants in the judgment,) are, as he believes, justly indebted to Lewis A. Dugas in the sum of $3245, upon a judgment obtained by Lewis F. E. Dugas against that company, and that Lewis A. Dugas

has the legal control of that judgment. He farther swears, that he believes the sum apparently due and claimed on the judgment, is actually due to Lewis A. Dugas, and that he is apprehensive of the loss of the same, or some part thereof, unless summons of garnishment do issue. Upon this affidavit the summons issued. The garnishees appeared and answered, denying any indebtedness to the Habersham Iron Works & Manufacturing Company. The plaintiff traversed the answer, and the garnishees joined issue. This issue was on trial on the appeal, when the plaintiff tendered in evidence the judgment in favor of Lewis F. E. Dugas, which was objected to, upon the ground that it was a judgment in favor of a third person. The Court ruled it out, until it was shown that the plaintiff in garnishment, Lewis A. Dugas, had the control of it. To show the control, he then tendered in evidence two papers—one, a copy of the note upon which the judgment was founded, with the following indorsement thereon:

"I do hereby, for value received, which I hereby acknowledge, transfer to Lewis Alexander Dugas, all my right, title and interest to the notes now in suit by Dugas & Allen, plaintiff's attorneys, a full description of which is herein written out in full.

[Signed,]     LS. FRED. E. DUGAS.
Augusta, 27th December, 1841."

The note thus transferred, was identified as the note upon which the judgment was founded, and upon which the suit was, at the time of the transfer, pending. It was a negotiable note, being payable to the order of Lewis F. E. Dugas, the assignor, and also the plaintiff in the suit then pending.

The other paper was in these words:

L. F. E. Dugas  
      *vs.*  
The Habersham Iron Works & Manufacturing Company.  
} *Fi. fa.* from the Superior Court of Habersham County, Georgia, and issued upon a judgment obtained April Term, 1842.

To *John R. Stanford, attorney at law:*

Having assigned the above judgment and execution to Lewis

A. Dugas, you are authorized to use my name in any proceeding yourself or the said Lewis A. may deem necessary to the collection of said debt, and you are authorized to act as my attorney in any Court proceeding instituted for the collection of the same, should you deem the use of my name necessary. June 17th, 1846.

[Signed,]     LS. FRED. E. DUGAS."

Both of these papers were objected to, upon the ground that neither of them singly, nor both together, constituted such an assignment as is contemplated by our Statute. The Court sustained the objection, and thus we have the question as well as the *status* of the case when it was made.

For obvious reasons, I consider these papers separately, and, first, the assignment of the note. Did this paper give to the plaintiff in garnishment, such a control over and property in the judgment, as would authorize him to issue garnishment upon it? That is the question. If it did, the Court erred in rejecting it. We consider that Lewis A. Dugas, the plaintiff in garnishment, acquired by the transfer of the note upon which the judgment is founded, pending the suit thereon, such an interest or property in the judgment as would enable him to sue out and maintain the proceeding by garnishment. The note being negotiable, he acquired a title to that by the transfer, and the right to control it in the hands of the attorneys who had instituted the suit. By the transfer of the note, the suit pending on it, he became the usee of the plaintiff; that is, the equitable owner of the interest in the suit. It is a legal inference from the transfer of the note, that the suit then pending should proceed for the use and benefit of the transferree. Such we consider the effect of the transfer. It would have been competent for him to have dismissed the suit, and sued on the note, in the name of the payee for his use, by striking out the written transfer, if it had been transferred by the usual indorsement. The note itself showed no title out of the plaintiff in the action; nor was it competent for the defendant to question the plaintiff's title, unless it became necessary to

sustain some equitable defence. The judgment, therefore, is a valid, subsisting judgment, and could not now be set aside for irregularity. The transfer of the note, then, placed him in the position of the usee of the action, and of the judgment when obtained. The record, it is true, of the judgment, exhibits the plaintiff as the legal owner of the judgment, but the evidence shows that he holds the title to it for the use of the transferree. In Equity he is the owner of the judgment—he is, as such, entitled to the money raised on it, and his receipt would be a protection to the defendants. We hold that an equitable ownership or title to the judgment, is such a title as will authorize the suing out of garnishment. There can be no doubt but that the assignee in this case could, in a Court of Chancery, apply a debt due by the garnishees to the defendants in the judgment, to that judgment, upon his claim, as holding the equitable title to it. If so, why go into Chancery, if our Statute gives him a remedy at Law? The proceeding by garnishment is in the nature of, and a substitute for a proceeding in Chancery. Particularly is this position true in this State, where we have a Statute which authorizes a party to proceed at Law, in all cases where he may conceive that the legal remedy will be sufficient. The only reply to this is, the language of the Statute, which simply authorizes the *plaintiff*, or his agent or attorney, to sue out a garnishment on the judgment. It will not do to put too literal a construction on it. For the purposes of this proceeding, and in the spirit of the Act, the real owner of the judgment is the assignee. This construction would, before our Statute, have denied to the transferree of a judgment, assignable at Common Law, the benefits of our Garnishment Laws. Our Statute authorizing the assignment in writing of a judgment, empowers the assignee to collect it in his own name, and, as I conceive, admits him to the remedy by garnishment. Before that Statute, the proceeding to collect was, no doubt, in the name of the plaintiff for the use of the assignee. So we have held, that the assignee of a dormant judgment may revive it, by *scire facias*, in the name of the plaintiff for his use. 7 *Ga. R.* 204. Here, the title to the judgment, by the transfer of the note, is not set up under the Statute,

but under the Common Law. How, then, was the proceeding to be instituted? It could not be instituted by the plaintiff, L. F. E. Dugas, because he could not swear, as the Statute requires, that anything was due to him on the judgment, for he had transferred his interest in it. The only practicable course is that taken in this case. Here the proceeding is instituted in the name of the assignee—he takes the oath (or rather his attorney)—he is the plaintiff in garnishment; but the fact of the transfer is developed in the record. It is stated in the oath, and the record brings before the Court the whole transaction. The proof offered is in accordance with the pleadings. It sustains the allegations of the oath. The transfer of the note, therefore, we think, ought to have been admitted, not as evidence of title to the judgment, under the Act of 1829, but as evidence of an equitable title acquired, upon general principles, before the judgment was had. The garnishees certainly cannot complain, for a judgment against them on this issue, would be a protection against the plaintiff in the *fi. fa.* and against their creditors, the Habersham Iron Works & Manufacturing Company.

[3.] Independent of the transfer of the note, we think that the order to Col. Stanford is a written assignment of the judgment, sufficient under the Act of 1829. That Act prescribes no form of assignment. No law makes necessary any formality in the transfer, of which I have any knowledge. It only requires that the transfer be *by written assignment or control.* That is all. It forbids all parol assignments, and makes written evidence of the transfer indispensable. Here is that evidence, under the hand of the only person that could make it, to wit: the plaintiff. It contains an acknowledgment that he has assigned this judgment to Lewis A. Dugas, and directs that his name should be used in all proceedings deemed necessary to enforce its collection. The assignment referred to as the acknowledgment is, no doubt, that of the note. This order to Col. Stanford does not give effect to *that,* as a transfer of the judgment, but the acknowledgment, coupled with instructions to use his name in all proceedings necessary to collect it, and that for the benefit of Lewis A. Dugas, is a present transfer of that judgment. It is written evi-

dence that he was not the owner of it, and that Lewis A. Dugas was the owner. We cannot believe that the ends of justice can be subserved by requiring, under the Act of 1829, a technically formal deed of assignment. What we do require is, that there be intelligible written evidence that the judgment is the property of him who claims to be its assignee. Such we consider this order to be.

Let the judgment be reversed.