### Loudermilk et al. v. Loudermilk.

1. Where the payee of a non-negotiable promissory note indorses the same to a third person by name, without any words of limitation or exception, this is a written assignment of the note to the indorsee, and under the code, §2244, he can maintain an action upon it in his own name against the maker, and the latter cannot set up as a defence a parol agreement between the assignor and the assignee to the effect that only a definite sum should be collected by the

latter on the note. The effect of this agreement would be to vary the terms of the written assignment and qualify their legal effect.

2. The donor of a promissory note when sued by the donee upon his indorsement to the latter, may defend by setting up the gift, and alleging a state of facts which show that the indorsement was based on love and affection only and was without any valuable consideration.

3. There was no error in striking the special plea of the maker of the note, but it was error to strike the special plea of the indorser.

January 27, 1894.                                          *Judgment reversed.*

Complaint on note. Before Judge WELLBORN. Habersham superior court. March term, 1893.

J. M. Loudermilk sued T. A. Loudermilk as principal, and Jacob Loudermilk as indorser, on a promissory note made by T. A. Loudermilk, dated January 16th, 1888, due January 1st, 1889, payable to Jacob Loudermilk, for $350. The note bore a credit for $150, dated June 11th, 1891, and was indorsed thus : " I hereby endorse the within note to J. M. Loudermilk," which endorsement was signed by Jacob Loudermilk. The court on motion struck the pleas other than that of general issue filed by the defendants, and entered up judgment for the plaintiff against the defendants for $259.83 principal, $31.78 interest, and further interest at 7 per cent. To both rulings the defendants excepted. The special pleas are as follows :

T. A. Loudermilk says the note is non-negotiable, and was a gift from his father Jacob Loudermilk, for the sum of $200, which gift was made February 22d, 1892, and it was expressly stated by both defendant and Jacob, before the gift was made, that the note was to draw no back interest and that at said time only $200 was due thereon, and the gift was received by the plaintiff with the conditions aforesaid. Further, on August 9th, 1892, this defendant tendered to plaintiff $206.60 as the full amount of the principal and interest due on the note, which tender was *bona fide* and was and is continuous.

At the time of said gift and before the note was received by plaintiff, defendant stated to him that there was only $200 due on it; that the interest at that time had been given him by his father by his stating to him that it should draw no interest; and that plaintiff received the note after that from his father with the same statement from him. Jacob Loudermilk says that he held the note against his son T. A. Loudermilk, on which was due $200; that in accordance with a scheme of his in making gifts to his children, he made a gift, February 22d, 1892, of the note to his son, plaintiff, which gift was made and received with the express understanding that no interest was due on it, and that it only repre-- sented an indebtedness of $200; and the note was only indorsed by defendant for that amount.

J. J. BOWDEN and J. B. JONES, for plaintiffs in error.

J. C. EDWARDS and A. G. McCURRY, by brief, contra.