## LOUDERMILK *et al. v.* LOUDERMILK.

1. Applying the rule that an honest mistake of law as to the effect of an instrument on the part of both the parties thereto may, when such mistake operates as a gross injustice to one and gives an unconscionable advantage to the other, be relieved against in equity, it follows that where both the maker and the payee of a promissory note intended that it should bear no

interest, and ignorantly supposed that this would result from an omission to insert in its terms any reference to the subject of interest, equity will, at the instance of the maker, when sued upon the note by a third person to whom the payee had indorsed it, correct such mistake when it appears that the plaintiff took the note as a donation, paying nothing for it, and also, that at the time of taking it he had full knowledge of the fact that the original parties to it intended that it should not bear interest.

2. This being an action by the indorsee upon such a note, the court erred in striking an equitable plea filed by the maker and setting up a defense of the nature above indicated.

3. The plea now in question differs materially from that which this court dealt with when this case was before it at the October term, 1893.

August 18, 1896.

Complaint on note. Before Judge Kimsey. Habersham superior court. September term, 1895.

J. M. Loudermilk sued T. A. Loudermilk as maker, and Jacob Loudermilk as indorser, upon a promissory note. Each of the defendants filed a special plea. Both pleas were stricken on motion, and defendants excepted. This court ruled that there was no error in striking the plea of the maker, but it was error to strike the plea of the indorser. 93 *Ga.* 444. After that decision was rendered, the maker filed another special plea by way of amendment to the plea before filed. The defense of the indorser was conceded. On motion, the court ordered that the special pleas of the maker be stricken, except the plea of general issue. To this ruling exception is taken.

The amendment sets up the following as equitable grounds against the action and against recovering interest on the note: At the time the note was executed it was agreed between the maker and the indorser (who was the payee) that it did not draw any interest, and such was the plain and manifest intention of both of them. It was by them honestly believed that, as the note did not specify that it drew interest, it would not draw interest; and they

did not know that the legal effect of the note would be to draw interest. Had it been known, the note would not have been signed or agreed on between the parties thereto. At the time of the gift to plaintiff by the indorser of the note, plaintiff was informed by the maker and indorser that it was the intention of both of them that the note was not to draw interest; and plaintiff received the note, well aware of said intention. Plaintiff was not a purchaser of the note; it was a gift to him by the indorser, who is the father of him and of this defendant, the maker. It would be a gross injustice to require defendant to pay this interest to plaintiff. He prays, that the intention of the parties be set up as the liability on this note, and if necessary, that it be reformed so as to speak the intention of the parties; that judgment be rendered against defendant for the amount that it was agreed and understood he was to pay, to wit, $200 with interest from the time the same was given plaintiff, to the time of the tender, to wit $206.66; and for general relief.

*Jones & Bowden*, for plaintiff in error.
*J. C. Edwards* and *A. G. McCurry*, contra.

LUMPKIN, Justice.

The facts appear in the official report.

This case was before this court at the October term, 1893. 93 *Ga.* 443. It now presents a question entirely different from that with which the court then dealt. At the last trial, the defense of the indorser, under the rule announced in 93d *Ga.*, was conceded. The maker filed another special plea, which the court, on demurrer, ordered to be stricken. In our judgment this plea set forth a good defense against the plaintiff's right to recover the interest which had apparently accrued upon the note before it came into his possession. The law of the case is really settled by section 3122 of the code, which is simply a codification of a well recognized principle of equity jurisprudence. It declares that "an honest mistake of the law as to the effect

of an instrument on the part of both contracting parties, when such mistake operates as a gross injustice to one, and gives an unconscientious advantage to the other, may be relieved in equity." The facts alleged in the plea now under review bring the case squarely within the provisions of this section; for it is obvious that the plaintiff, who took the note as a donation and with full knowledge of all the facts, occupies no better footing, as against the maker, than the original payee. Had he been a *bona fide* purchaser for value and without notice, of course the question would be entirely different.　　*Judgment reversed.*