89   353
119   685

## RUTHERFORD *v.* FULLERTON.

1. One who has become indebted to an undisclosed principal by dealing with his agent, upon afterwards being garnished by a creditor of the agent, and before answering the garnishment, receiving notice both from the agent and the principal that the debt was owing to the latter and not to the former, should state all the material facts in his answer to the garnishment as required by the code, section 3548. If, instead of so doing, he answers positively

v 89-23

that he is indebted to the agent, and suffers judgment on the answer to go against him, which he discharges by payment, he is still liable to the principal, his real creditor.

2. The remedy by claim afforded by statute (Code, §3541) which allows the interposition of a claim in garnishment cases, is cumulative and permissive, not exclusive. A failure to claim will not bar the owner of the debt from asserting his title otherwise, he having done nothing to mislead the garnishee or to induce him to withhold any or all of the real facts in making his answer to the garnishment.                    *Judgment affirmed.*

May 25, 1892.

Garnishment. Estoppel. Before Judge RONEY. Richmond superior court. October adjourned term, 1891.

On *certiorari*, judgment was rendered in favor of Fullerton, and Rutherford excepted. The facts may be thus stated : Meredith was an employee of Fullerton, and had been so employed for eighteen or more years, except about six months in 1888. In April, 1889, Fullerton sent out Meredith to hunt work, and he called upon Rutherford with whom he contracted to do a job of roofing. His testimony is, that nothing was then said about its being Fullerton's job, that Rutherford did not ask him if it was Fullerton's job, and that Fullerton's name was not mentioned. Rutherford's testimony is, that when he made the contract he asked Meredith ·if Fullerton had anything to do with it, and he said no ; the reason for so asking being that Rutherford knew that Meredith worked for Fullerton, and would not have given Fullerton any work, but wanted to favor Meredith. Three other employees of Fullerton worked with Meredith on the job. The material was Fullerton's, and he paid Meredith and the other three their wages for this work, which was finished on April 30th, and on the next day Fullerton charged it on his books to Rutherford. On the same day Sluskey sued Meredith on an account, and caused garnishment to issue against Rutherford. On the next day Rutherford told Meredith he had been served with the garnishment, and asked whose job it was. Mer-

edith replied that it was Fullerton's.  On May 27th, Rutherford went to the justice's court, and on his way went into Fullerton's store and received from him a bill for the work, and from this bill got the figures by which he answered the garnishment as to amount.  Fullerton had not previously sent or given him the bill.  He was followed by Fullerton to the justice's court.  When the Sluskey case was called, Rutherford said he owed Meredith $43.75.  Fullerton said, "No, you owe me ; it is not Meredith's job."  Rutherford said, "I don't know anybody in the contract but Meredith."  The justice said, "You are to do the swearing ; who do you owe ?"  Rutherford replied that he owed Meredith, and so made his answer ; and judgment was rendered against him for $43.75, which he paid to the justice on June 8th.  Meredith did not defend the suit against himself, and judgment against him also was rendered.  The justice told Fullerton that his remedy was to claim the money ; but he took no legal step until March 12th, 1890, when he brought the present suit against Rutherford on an account for the roofing, to which Rutherford pleaded that by the failure to take steps to protect his interest at the time the garnishment was answered, Fullerton became estopped from attempting to enforce his claim.

The judge held that Rutherford, having notice that the debt was due by him to Fullerton, could have set forth in his answer to the garnishment the facts as they existed and let the court determine to whom the money should go, and thus have relieved himself from liabilty, but he undertook to decide the question and decided it wrongly ; and that while Fullerton might have filed his claim to the money he was not compelled to do so, the claim laws being cumulative only, permissive and not mandatory.  Rutherford contends by his exceptions as follows : His plea should have been sustained.  It was not his duty to set up defences for Fullerton, but

Fullerton was bound to protect his interest by filing his claim or having Meredith traverse the answer of the garnishee. If he had set forth in his answer that after the service of the garnishment he had been notified that the debt was not Meredith's, and had asserted therein his belief, based on the fact that he had given the contract to Meredith and knew no one else therein, that the debt was due to Meredith, it would have been the duty of the court, on this answer untraversed, to have rendered judgment against the garnishee. The statements made to him by Meredith and Fullerton after the service of the garnishment would have been inadmissible, and he could not have legally set them up in his answer as a defence to the right of Sluskey to have a judgment against him as a garnishee.

J. S. & W. T. Davidson, for plaintiff in error.
Salem Dutcher, by brief, *contra.*