CHURCHMAN, WILLIAMS & CO. *v.* ROBINSON.

1. A garnishee who in his answer admits an indebtedness on open account to a debtor whose effects are sought to be reached by the garnishment, will not, as against a third person who is the true owner of such account, be protected by a judgment rendered in the garnishment proceeding, if, at the time of answering, the garnishee knew the account actually belonged to such third person, or had knowledge of facts naturally suggesting an inquiry which would easily have led to a discovery of the truth.
2. The bringing of an action upon an open account by the owner thereof against the person liable thereon revokes an oral consent previously given by the former, that the latter might pay the amount due upon such account to another; and the revocation is effectual to stop payment under the oral consent, if the defendant in the action is served before he has actually paid, or has become legally bound to pay, the person for whose benefit the consent was given.
3. The judge, in admitting evidence which the Supreme Court had ruled was admissible in the identical case on trial, ought not to use expressions calculated to weaken the effect of such evidence, or state his opinion that it was irrelevant notwithstanding the decision of the Supreme Court to the contrary. In some instances, his so doing would be cause for a new trial; but under the facts in the present case it is not.
4. The verdict was in accord with the substantial justice of the case, and there was no error requiring a reversal of the judgment of the court below.

Argued November 30,—Decided December 17, 1896.

Complaint.     Before Judge Smith.     Dodge superior court.     March term, 1896.

*DeLacy & Bishop* and *Harrison & Peeples*, for plaintiffs in error.

Lumpkin, Justice.

This case was before this court at the March term, 1894. See 93 *Ga.* 731. A new trial was granted to Churchman, Williams & Co., for the reasons there stated. Subsequently Mrs. Robinson obtained a second verdict against them, of which they now complain.

1. One of the grounds of defense urged at the last trial

was, that Churchman, Williams & Co. had been compelled to pay to one Curry the full amount due upon the accounts sued on, under a judgment rendered in his favor in a garnishment proceeding requiring them to answer what they were indebted to Balcom, Vinson & Luckie, from whom Mrs. Robinson claims to have purchased the accounts.   In support of this defense, the defendants offered in evidence the record of the garnishment proceeding upon which the judgment in question was rendered.   The trial judge rejected this evidence, and we are now called upon to determine whether he erred in so doing.   If Churchman, Williams & Co., at the time of answering the summons of garnishment served upon them, really and in good faith believed that Balcom, Vinson & Luckie were the true owners of the accounts in question, and had received no notice of the claim thereto asserted by Mrs. Robinson, the defense set up would stand upon an entirely different footing.   It appears, however, from the record now before this court, that the defendants were not ignorant of Mrs. Robinson's claim of ownership; and if, indeed, they did not actually know, at the time of making their answer, that these accounts then really belonged to her, and not to Balcom, Vinson & Luckie, they certainly had knowledge of facts naturally suggesting an inquiry, the result of which must inevitably have led to a discovery by them that such was the truth of the matter.   This being so, they acted at their peril in answering that they were indebted to Balcom, Vinson & Luckie upon the accounts in question.   As Mrs. Robinson had previously asserted ownership of the accounts, having sent to these defendants an itemized statement and request for payment, natural and common prudence ought to have suggested to them the propriety and necessity of ascertaining, if possible, before making answer to the summons of garnishment, to whom the accounts then really belonged.   If unable to satisfactorily determine for themselves this important question, they could have obtained

full protection by setting forth in their answer all the facts with which they were acquainted, and thus have raised an issue for determination by the court regarding the merits of Mrs. Robinson's assertion of title to the accounts. Not having pursued this course, it is obvious that, as against her right to recover in the present action, the judgment rendered against them in the garnishment proceeding, to which she was not a party, can afford them no protection. It necessarily follows, in view of the facts above stated, that rejecting the evidence offered to show the rendition of that judgment did not operate prejudicially to the defendants, and therefore so doing affords no cause for granting them another hearing.

2. It was further insisted by the defendants that, independently of the garnishment proceeding, the payment to Curry was authorized by Mrs. Robinson herself. Upon this point the evidence was conflicting, that introduced by the defense tending to show that she had orally expressed her consent to such payment. It appears, however, that before this alleged consent was acted upon by Churchman, Williams & Co., she had brought her action against them upon the very indebtedness to which such consent related. In this connection the court charged, in effect, that if the money was paid by the defendants to Curry after suit brought therefor by Mrs. Robinson, the suit would be notice to defendants that she had repudiated her willingness for it to be paid to Curry. This charge is complained of as incorrect, and as excluding one of the main grounds of defense relied upon. We are unable to sustain the defendants in this contention. Had Churchman, Williams & Co., acting upon a consent given by Mrs. Robinson, paid over the money to Curry, or had they, upon the faith of such a consent, become legally bound to do so, before receiving notice of Mrs. Robinson's unwillingness that payment to Curry should be made, they certainly would be protected in the matter. It is equally true, however, that, at any

time before the defendants had really acted upon her
alleged consent, Mrs. Robinson had a perfect legal right to
recall the same.    It is not claimed by the defendants that
they undertook to act upon such consent until long after
Mrs. Robinson had, by bringing her action against them
to recover the very funds in question, given notice to them
that they would not be protected in making payment to
any one save herself.    Assuming as true their contention
that she had at one time consented to their making payment
to Curry, it can not be well doubted that serving them with
such a suit would operate effectually to convey notice to
them that Mrs. Robinson had elected to withdraw her con-
sent; and as they had not, up to that time, acted thereon to
their prejudice, they were bound to recognize her right to
revoke the authority previously conferred upon them, and
to thereafter hold the money subject to her demand.

3, 4.  When this case was here the first time, this court
ruled that certain evidence which the court below had re-
jected, was admissible as tending to show that Churchman,
Williams & Co. were justified in treating the debt in con-
troversy as being due by them to Balcom, Vinson & Luckie.
As the record then stood, we entertained no doubt as to
the admissibility of this evidence.  When, at the last
trial, this same evidence was offered, the trial judge admit-
ted it; but, in announcing his ruling, remarked in sub-
stance that he would admit the testimony because the Su-
preme Court had decided it admissible, though he did not
believe the Supreme Court had understood the case, he him-
self not having understood it before; and added: "The Su-
preme Court has held it admissible, and I will admit it now;
whether they were right or wrong, we must abide the de-
cision."

The natural effect of these remarks was to convey to the
jury the impression that the trial judge was still of the opin-
ion that the evidence was irrelevant, and that they should
not be allowed to consider the same in arriving at their

verdict. The defendants were entitled to have the jury pass this evidence without having its effect weakened by such expressions from the bench. In a close case, such remarks by the judge would clearly be cause for a new trial. In the present case, however, the error thus committed was not, in fact, harmful to the defense, and does not require a reversal of the judgment, in view of the real merits of the case as disclosed by the record now before us.

As fully developed at the last hearing, the real facts of the case appear to be as follows: Churchman, Williams & Co., in utter disregard of the fact that they had received notice that Mrs. Robinson asserted ownership of the accounts, and without making any attempt to ascertain to whom they were really indebted thereon, made answer to the summons of garnishment served upon them at the instance of Curry, acknowledging themselves indebted on the accounts to Balcom, Vinson & Luckie. As a result of this garnishment proceeding, the defendants became liable to Curry for the full amount due on these accounts. When, subsequently, Mrs. Robinson brought her suit against them, they pleaded this judgment as a complete defense to her action. As to their other ground of defense, viz: that Mrs. Robinson herself authorized payment to Curry, a sufficient reply is, that the record clearly shows they did not make payment in reliance upon her alleged consent, but really for no other reason than that they were compelled to satisfy the judgment rendered against them in the garnishment proceeding. Payment to Curry was made long after Mrs. Robinson had revoked her alleged oral consent by bringing the present action, and in compliance with a demand by the attorneys of Curry that defendants discharge the judgment rendered against them in his favor. Under these circumstances, it is plain that even if Mrs. Robinson did, in fact, consent to any payment to Curry, the defendant could gain nothing thereby, because they never acted thereon to their prejudice. They

had already allowed judgment to be rendered against them, and were legally bound to pay Curry without regard to Mrs. Robinson's consent; and when, before they had attempted to act thereon, she revoked the same and demanded payment to herself, they were left in no more disadvantageous situation than that they formerly occupied. Her consent if given at all, was purely voluntary and gratuitous, and, resting upon no valuable consideration, was revocable at will at any time before actually acted upon; or, if never in fact acted upon at all, cannot properly be considered as having any bearing upon the case.

In our opinion, the verdict rendered was fully in accord with the substantial justice and merits of the case, and none of the various assignments of error present any valid reason for setting aside the judgment of the court below.

*Judgment affirmed.*