WINGO, ELLETT & CRUMP SHOE CO. *v.* JOHNSON *et al.*

Where garnishment proceedings were instituted in Sumter superior court, based upon a suit pending in the city court of Macon, and a claim, pursuant to the Civil Code, § 4720, was filed in the city court of Macon, the claimant did not thereby become a party to the proceedings in Sumter county, it not appearing that there was a compliance by the plaintiff with the provisions of the Civil Code, §§ 4715–17. It follows that a judgment rendered against the claimant in Sumter superior court, based on a verdict rendered in that court, finding in favor of a traverse to the garnishee's answer, was void and was properly set aside on motion.

Argued January 22, — Decided February 13, 1904.

Motion to set aside judgment. Before Judge Littlejohn. Sumter superior court. July 16, 1903.

*H. B. Simmons* and *F. Chambers & Son,* for plaintiffs in error. *Hardeman, Davis, Turner & Jones,* contra.

CANDLER, J. The plaintiffs in error, by their attorney, made an affidavit before a notary public and ex-officio justice of the peace in Bibb county, for the purpose of suing out summons of garnishment in an action which they had instituted in the city court of Macon against C. H. Weeks.   The usual garnishment bond was given.   The summons of garnishment does not appear in the record, but immediately following the affidavit and bond is this entry :   " Georgia, Sumter county.   I have this day served summons of garnishment issued on within affidavit and bond personally on Olin Daniel, of the firm of Elmore & Daniel, at 9:20 a. m.   This 12th day of December, 1901.   W. P. McArthur, L. C."   Following this entry is another, which is unsigned, as follows :   " Filed in office December 12th, 1901."   In what office or in what county the filing was had does not appear.   Elmore & Daniel answered the garnishment, denying that they were indebted to Weeks, or that they had in their possession any property, money, or effects belonging to him.   The answer was sworn to in Sumter county, and appears to have been " filed in office May the 26th, 1902 ; " but this entry of filing is also silent as to the office and county in which, and the officer with whom, the answer was filed.   The plaintiffs traversed the garnishees' answer, and service of the traverse was acknowledged by the attorney for the garnishees in Sumter county.   The entry of filing on this paper was in like vague and general terms as on the papers pre-

viously mentioned. The traverse is headed: " Georgia, Sumter county. To the superior court of said county." The record next shows a verdict "in favor of the traverse, except as to the note claimed by C. G. Johnson. We find title to this note of C. G. Johnson to be in claimant, C. G. Johnson." On this verdict, which appears to have been rendered by a jury in Sumter superior court, a judgment was entered in favor of the plaintiff, Wingo, Ellett & Crump Shoe Company, against the garnishees, Elmore & Daniel, and against W. M. Johnson as principal and R. W. Johnson as security, the said judgment reciting "upon a claim bond given in the city court of Macon to dissolve the garnishment before mentioned." The record fails to show how this case ever got into Sumter superior court, or how W. M. Johnson and R. W. Johnson ever got into the case. There is nothing to indicate how it ever happened that a bailiff in Sumter county served a summons of garnishment in that county issued upon an affidavit and bond made in Bibb county and returnable to the city court of Macon. There is nothing in the record, other than the recital in the judgment before mentioned, to show the making of any bond by the Johnsons in any court for any purpose.

At the same term of court at which the verdict and judgment before referred to were rendered, W. M. Johnson and R. W. Johnson moved to set aside the judgment, on the grounds, that they were not proper parties to the case; that there were no pleadings in the case which made them parties thereto in any sense upon which a judgment might be rendered against them; and that the superior court of Sumter county had no jurisdiction over them, and for that reason no legal judgment could be rendered against them in that court. By amendment they alleged "that they nor either of them had filed in Sumter superior court any claim bond to dissolve said garnishment, nor had any copy of any such bond alleged in said judgment to have been filed in the city court of Macon been filed in the superior court of Sumter county, nor had movants, or either of them, been made parties to the garnishment proceedings pending in Sumter superior court by any order of court, all of which will appear by an inspection of the records of said court; nor did said movants, or either of them, appear in person or by attorney in Sumter superior court at any stage of said garnishment proceedings, or take any part in the trial thereof,

or in any manner submit themselves to the jurisdiction of said court;" that the verdict rendered did not authorize the judgment entered in said cause; and that neither before nor after the rendition of the judgment did the plaintiffs produce in evidence any judgment or exemplification from the city court of Macon of any judgment in the suit brought against Weeks, nor was the production of such evidence waived. On the hearing of the motion as amended the judge set aside the judgment as against the Johnsons. The plaintiffs excepted.

Taking the record as a whole, we are clear that the court was correct in setting aside the judgment against the defendants in error. As has been seen, the record does not show upon what the judgment against the Johnsons was based. It may be inferable that they filed in the city court of Macon a bond to dissolve the garnishment pending in that court, in accordance with the Civil Code, § 4720; but it nowhere appears, nor is it suggested, that they filed a bond to dissolve a garnishment proceeding pending in Sumter superior court. Indeed it can not be said that it appears from the record that there were any garnishment proceedings pending in Sumter superior court. In the motion to set aside it was expressly alleged that the movants were in no way connected with the proceedings in Sumter superior court; that they were never made parties thereto; and that they were never served with any paper to connect them with any proceedings in Sumter county. Assuming that there was a garnishment proceeding pending in Sumter superior court, and that the claim bond was given under the provisions of the Civil Code, § 4720, · to dissolve the garnishment, when the garnishees answered they would have been discharged, and any judgment rendered in the case should have been against the claimants and not the garnishees. If the bond was filed in the city court of Macon to dissolve a garnishment pending there, the claimants were in no way connected with any garnishment proceedings in Sumter superior court, and a judgment against them in that court would be illegal and void. If, under the code section before cited, they had filed their bond in Sumter superior court to dissolve a garnishment pending in that court, the verdict of a jury finding in favor of a traverse to the answer of the garnishees would have required a judgment against the claimants, the garnishees, as we have seen,

being discharged, under such circumstances, upon filing their answer. In view of the past rulings of this court, we think the allegation in the motion to set aside the judgment, to the effect that, previously to the entering of the judgment against the movants, no judgment had been rendered against Weeks in the city court of Macon, was immaterial. If the Johnsons had been parties to the case in Sumter superior court, we would be bound to presume that the court rendering the judgment had before it all the facts necessary to render that judgment valid. *Holbrook* v. *Evansville R. Co.*, 114 *Ga.* 1, where it was held that " A judgment against a garnishee, duly entered, is as to him conclusive of the proposition that the plaintiff had already obtained a valid judgment against the main debtor whose effects were sought to be reached by the garnishment proceedings." Upon the facts stated, and which are certified as true by the trial judge, we find no error in the ruling complained of in the bill of exceptions.

*Judgment affirmed. All the Justices concur, except Simmons, C. J., absent.*