## 300.   DROUGHT *et al. v.* POAGE.

1. Where garnishment has been issued, and the defendant, for the purpose of dissolving the garnishment, executes a bond under the Civil Code, § 4718, for the use of a named usee, such recital does not make the usee a party claimant of the property in the hands of the garnishee, and entitled as such to have an issue tendered and disposed of as to the title to the property, before final judgment can be entered against the garnishee and on the dissolution bond.

2. Where a defendant executes a bond to dissolve a garnishment, not for himself individually, but for the use of a named usee, the interest of the defendant and that of the usee are identical, and a final judgment against the defendant is conclusive against the usee; and after judgments have been entered against the garnishee and on the dissolution bond. the judgments should not be opened at the instance of the usee, in order to allow him to make a claim to the property in the hands of the garnishee which has been appropriated, as the property of the defendant, to the payment of the judgment in favor of the plaintiff.

3. Before a claimant becomes a party to a garnishment suit, he must file a claim to the property apparently belonging to the defendant, in the hands of the garnishee, or he must give a bond to dissolve the garnishment, under the provisions of the Civil Code, § 4720.

Garnishment, from city court of Savannah—Judge Norwood. July 7, 1906.

Argued April 30,—Decided December 9, 1907.

*Garrard & Meldrim, Twiggs & Oliver,* for plaintiffs in error.

*George W. Owens,* contra.

HILL, C. J. Drought caused an attachment to be issued against Anna C. Woodbridge, returnable to the May term, 1899, of the city court of Savannah. This attachment was levied by serving a summons of garnishment on J. F. Brooks, guardian and ex-officio administrator of the estate of Florence A. Bryan, on March 16, 1899. On June 5, 1899, the garnishee filed his answer in the attachment suit. This answer, among other things, set out that the garnishee had in his hands, as the net distributive share of Anna C. Woodbridge in the estate of Florence A. Bryan, $4,779.68, which he held under an order of the superior court of Chatham county, to await the result of litigation, pending in that court, of John M. Bryan and others *v.* Jordan F. Brooks, guardian and ex-officio administrator of Florence A. Bryan, deceased. On June 5, 1899, the garnishment was dissolved by the defendant Anna C. Woodbridge, who gave a statutory bond as prescribed by the Civil Code, §4718, the bond being as follows:

"State of Georgia, Chatham County. Know all men by these presents, that whereas A. E. Drought, for the use of E. B. Drought, has issued out process of garnishment against Mrs. A. C. Woodbridge, of the County of Orange, State of Florida, returnable to the city court of Savannah, for the sum of . . $3,759.50; and whereas the said A. C. Woodbridge, for the use of C. A. Poage, desires to dissolve the said garnishment by giving bond according to the statute in such cases made and provided; now we, the said A. C. Woodbridge, for the use of C. A. Poage, as principal, and the Fidelity & Deposit Company of Maryland, a corporation, as security, acknowledge ourselves jointly and severally bound to A. E. Drought, for the use of E. B. Drought, to pay the judgment that shall be rendered on said garnishment; upon condition, nevertheless, that should the said A. C. Woodbridge, for the use of C. A. Poage, make unto the said A. E. Drought, for the use of E. B. Drought, full payment of the judgment that shall be rendered on said garnishment, or should the said Fidelity & Deposit Company do so for them, then this bond to be void." Signed, etc.

On the trial of the attachment suit, a verdict was rendered in favor of the plaintiff Drought against the defendant Woodbridge. The case was taken to the Supreme Court, and the judgment in favor of the plaintiff was affirmed. (118 *Ga.* 671, 672.) On September 4, 1903, after the judgment of the Supreme Court had been made the judgment of the city court, the plaintiff entered up judgment against the garnishee, and also entered up judgment against the defendant A. C. Woodbridge, and against the surety on her bond to dissolve the garnishment, viz., the Fidelity & Deposit Company of Maryland; and on September 11, 1903, a final judgment was entered up against her on said dissolution bond, and also against the garnishee and against the surety on the bond. By direction of the superior court, through an interlocutory decree in the case pending there touching the Bryan estate, the garnishee in this case, Jordan F. Brooks, as administrator, had previously paid over all the money in his hands to W. R. Leaken as the attorney of record for Anna C. Woodbridge and C. A. Poage. Under these judgments of the city court, the Fidelity & Deposit Company of Maryland, surety on the dissolution bond, made payment to the attorneys of record of the plaintiff Drought, Messrs. Twiggs & Oliver.

On October 23, 1903, C. A. Poage, through his attorney George W. Owens, Esquire, filed a motion in the city court of Savannah to open the judgment in that court against the garnishee, entered on September 4, 1903, and the judgment on the bond dissolving the garnishment, entered on the same day, and the final judgment rendered on September 11, 1903. In this motion, claiming that he was a party to the bond dissolving the garnishment, and that he as such claimant had dissolved the garnishment, he assigns the following reasons why the judgments should be opened: (1) "That no issue was ever tendered on said claim as required by law, and no traverse filed to the answer of said garnishee as required by law." (2) "That said claim was never assigned for trial as required by law." (3) "That no hearing was ever had on said claim, as required by law." (4) "That said judgments were rendered in the absence of the movant and his counsel, and without the assent of the movent or of his counsel or any notice given to the movant or to his counsel of the proposed judgments to be taken, said counsel being absent by leave of court, had and obtained in due form of law on the 5th day

of August, 1903, said leave being granted to said counsel for provi-
dential causes." For these reasons the movant "prays that the said
judgments, having been improvidently rendered, may be opened and
set aside in terms of law." This motion was duly served upon
the plaintiff Drought and the defendants, Brooks, guardian and
ex-officio administrator of the estate of Florence A. Bryan, and
the Fidelity & Deposit Company of Maryland, surety on the gar-
nishment bond. Drought, the plaintiff, filed a general demurrer
to the motion to reopen and set aside these judgments; and, sub-
ject to his demurrer, he filed an answer to said motion, on the
following grounds: "(1) That said C. A. Poage is not a party
to said case, as claimant or otherwise, and has no right to move
the court to open said judgments. (2) That no claim has ever been
interposed by the said Poage, and therefore no issue could be ten-
dered, and no hearing could be had on a claim not tendered. (3)
That the absence of movant or of his counsel at the time said
judgments were entered should not and can not affect the validity
and binding force of said judgments, as the said movant was not
a party to said case, and had no rights in said case which the
court was legally and equitably bound to consider. (4) That not-
withstanding the fact that said Poage is not a party of record in
said case, he was fully apprized of all proceedings before they
were taken, and had full opportunity to be present himself or to be
represented by an attorney before and at the time all of said judg-
ments were taken; and whatever rights movant may have had in
this case, connected with those of Mrs. Anna C. Woodbridge, or
growing out of contractual relations with Mrs. Anna C. Woodbridge,
apparent from the record in said case, were fully considered and
passed upon by an attorney of this court, who acted for Mr. George
W. Owens, both in the Supreme Court of Georgia and in this court;
and after a full and thorough examination of the entire matter, the
said attorney who appeared for Mr. Owens gave his full consent
that the final judgment of September 11, 1903, should be entered."
The other defendants, Brooks, garnishee and ex-officio administra-
tor, etc., and the Fidelity & Deposit Company of Maryland, both
answered said motion to open and set aside the judgments, on the
same grounds as set out by the plaintiff Drought, and set out the
following additional reasons why the motion should not be granted:
"That the said Poage was a party to the case of J. M. Bryan et al.

*v.* Florence A. Bryan, deceased, et al., in the superior court, brought to the March term, 1899, the same being an equitable proceeding; and before verdict and decree was taken in said cause, said Poage was made a party to the same, by order of the court, on May 2, 1899, claiming to be an assignee, for valuable consideration, of the interest of Anna C. Woodbridge in the estate of Florence A. Bryan; that said cause went to final decree after said Poage was made a party, . . by the terms of which decree, among other things, it was provided that the portion of said estate coming to said Anna C. Woodbridge should be held up in the hands of said Brooks, guardian and ex-officio administrator, subject to the future decree of said court, in view of the claim made by the said assignee, C. A. Poage, and of the garnishment which had been served upon said guardian and ex-officio administrator; that in said cause, by decretal order taken on June 5, 1899, after the money in the hands of said guardian and ex-officio administrator, except the part awarded to Anna C. Woodbridge, . . had been deposited by said Brooks, as such guardian and administrator, in the Chatham Bank, subject to the joint check of himself and the judge of the superior court, it was decreed that there was no issue between Anna C. Woodbridge and C. A. Poage, and that it appeared to the court that Anna C. Woodbridge, for the use of said Poage, had dissolved the garnishment of A. E. Drought, for the use of E. B. Drought, which had been served upon the said Brooks, guardian and ex-officio administrator, . . and it was ordered, in and by the terms of said decree, that Brooks, guardian and ex-officio administrator, should pay to the order of W. R. Leaken, counsel of record for said Anna C. Woodbridge and for said C. A. Poage, her assignee, all the moneys in his hands as the share of said Anna C. Woodbridge in the estate of said Florence A. Bryan, . . which order was taken by W. R. Leaken as attorney for said Anna C. Woodbridge and for said C. A. Poage, and at their instance. Further, that upon the same day (June 5, 1899) the bond dissolving said garnishment made by Anna C. Woodbridge is dated, she signing herself for the use of C. A. Poage, with the Fidelity & Deposit Company of Maryland as surety, which bond was strictly in accordance with the code of Georgia for the dissolution of a garnishment by the defendant, and not by the claimant, and, upon the execution of said bond, the money in the hands of Brooks, guard-

ian, etc., was payable to W. R. Leaken, as attorney, under said decretal order of the court, for the said Anna C. Woodbridge and said C. A. Poage, their interests being identical, and there being no issue between them, but after said bond was taken, dissolving said garnishment, by agreement between said W. R. Leaken, as attorney for said parties, and the said Jordan F. Brooks, the said money in his hands or the greater portion thereof was left on deposit with the said Jordan F. Brooks as agent of said company, to protect the said company in the premises; that therefore the said C. A. Poage was privy to all that had been done in this case, and linked his fortunes in said cause with those of Anna C. Woodbridge, and has no right to move to open said judgment of this court or to set the same aside, having never seen fit to make a distinct claim to said money or property in the hands of said garnishee, and said Poage has no rights in the premises on the merits. Respondents deny that said Poage ever has been a claimant in said garnishment proceedings, or that he has ever dissolved the same, but, on the contrary, aver that whatever rights he may claim to have as so-called assignee of said Anna C. Woodbridge, he has staked upon the issue between said Drought and the said A. C. Woodbridge in the litigation just ended, and in which the remittitur of the Supreme Court has been filed and made the judgment of this court, and under which judgment of this court this garnishee and the said surety company have been compelled to pay said money to said E. B. Drought."

On July 30, 1904, the motion to open the judgments came on to be heard before Judge Norwood, in the city court of Savannah, and testimony was introduced for both parties (a brief of the evidence duly appearing in the record); and the court on the same day rendered a decision opening said judgments of September 4th and 11th, 1903. To this judgment opening the said judgments, A. B. Drought and Jordan F. Brooks, guardian, etc., and the Fidelity & Deposit Company of Maryland, surety, excepted pendente lite, and the exceptions pendente lite were duly certified by the court and ordered to be placed on the record in open court, August 27, 1904. Subsequently, on August 27, 1904, and at the same term of court, a motion for a new trial was made by the above-named parties, and said motion was amended on July 16, 1906. Said motion was heard on July 16, 1906, and said C. A. Poage,

through his attorney, moved the court orally to dismiss the motion for a new trial, on the ground that a direct bill of exceptions was the only remedy for correcting any errors the court may have made in opening the judgments rendered September 4th and September 11th, 1903; which motion the court sustained, and dismissed the motion for a new trial; and the movants all except. The foregoing is a substantial statement of the material questions made in the record.

The judgment of the lower court dismissing the motion for a new trial is strongly challenged by the plaintiffs in error. In view of the fact that the plaintiffs in error made timely exceptions pendente lite to the judgment in favor of the movant, on the motion to open and set aside the judgments, which exceptions were duly allowed and certified by the court and preserved as part of the record, and the further fact that in the bill of exceptions to this court, and in the brief, error is assigned on these exceptions pendente lite, it becomes immaterial and unnecessary for this court to pass upon the alleged error in dismissing the motion for a new trial. Especially is this true where the same questions are made in the exceptions pendente lite as are made in the motion for a new trial. Generally, a direct bill of exceptions is the appropriate remedy to bring up alleged errors in the progress of 'a civil action at law, where such errors are predicated upon the decision of the judge on motions and the like, and where the judgment complained of is a conclusion of law upon the facts of the case as they appear of record,—for instance, a judgment on demurrer, a motion in arrest, or a motion to set aside a judgment, or a nonsuit and the like. *Fannin* v. *Durden,* 54 *Ga.* 476. In the instant case a motion was made in writing to open certain judgments which were regular on their face, but which were alleged to have been improvidently rendered, because of facts both of record and dehors the record. It is not a technical motion to set aside the judgments; for such motions can only be based upon some defect which appears on the face of the record. *Dugan* v. *McGlann,* 60 *Ga.* 353; *Pulliam* v. *Dillard,* 71 *Ga.* 598; *Artope* v. *Barker,* 74 *Ga.* 462; *Regopoulas* v. *State,* 116 *Ga.* 596 (42 S. E. 1014). The proceeding is more appropriately a petition in a court of law to open and set aside a judgment for reasons both of law and fact, and is analogous to an equitable petition to set aside a judgment

of a court of competent jurisdiction for fraud, accident, or mistake, etc. This petition was duly served on all the necessary parties, and they appeared and defended. On the issues made by the pleadings, evidence both oral and documentary was introduced and considered, and the judge, without the intervention of a jury, rendered a final judgment. We think this judgment could have been properly excepted to directly by bill of exceptions, or a motion for a new trial could have been made. In this case practically both remedies were adopted, and the decision of the court opening the judgments in question was attacked with both weapons. Pretermitting, however, any ruling on the judgment dismissing the motion for a new trial, except as above indicated, we prefer to end the litigation by deciding the meritorious questions clearly and timely made by the exceptions pendente lite and preserved in the record.

The movant (now defendant in error) bases his right to have the judgments of September 4th and 11th, 1903, opened and set aside on the ground that he was a party to the suit of Drought against Woodbridge when the bond was filed to dissolve the garnishment; that the giving of the dissolution bond by defendant Woodbridge "for the use of C. A. Poage" was tantamount to filing a claim by him as usee; and he contends that the judgments entered in this case without any issue on the claim or traverse of the garnishee's answer were illegal. Unquestionably, where a claimant has filed a bond to dissolve a garnishment, he becomes a party to the suit. In this case Poage did not file a claim, nor did he make a claimant's bond. The bond as given by the defendant Woodbridge "for the use of C. A. Poage" was a statutory bond by a defendant for the purpose of dissolving the garnishment as provided for in the Civil Code, §4718. Its condition was "to pay the judgment that shall be rendered on the garnishment." The condition in a claimant's bond to dissolve a garnishment is entirely different. Civil Code, §4720. If the defendant in error had given a bond according to the provisions of §4720, based on a claim to the property in the hands of the garnishee, he would have been a party to the suit, and it would have been irregular to have entered judgment against the garnishee, finding the property in his hands subject to the plaintiff's judgment against the defendant, without first disposing of the issue on the claim. The Supreme Court, when

the attachment suit of Drought against Woodbridge was before it, expressly ruled that the bond in this case dissolving the garnishment was a bond by the defendant. 118 *Ga.* 671 (45 S. E. 266). The fact that it was recited in the bond that the defendant made it "for the use of C. A. Poage" did not convert it into a claimant's bond. These words, "for the use of," in this case simply indicated that the interests of the defendant and the party she designated as "usee" were identical. Indeed, the record shows that in the suit pending in the superior court of Chatham county, of Bryan et al. *v.* Brooks, guardian and ex-officio administrator of the estate of Florence A. Bryan et al., C. A. Poage, claiming to be an assignee for a valuable consideration of the interests of Mrs. A. C. Woodbridge in said estate, before said suit went to final decree, was made a party, and the court held that there was no issue between said assignee and Anna C. Woodbridge. The interests of Anna C. Woodbridge and C. A. Poage as to the funds in the hands of the garnishee being therefore identical, when she made the bond for the use of C. A. Poage and the money was thereupon paid over to W. R. Leaken, the attorney of record for Mrs. Anna C. Woodbridge and C. A. Poage, it became a matter entirely between them and their attorney. It is clear that Poage was in no sense a party claimant to the garnishment proceedings based on the attachment suit of Drought *v.* Woodbridge. If he was a party at all, it was as a defendant with Woodbridge; and when Woodbridge's rights were concluded by the judgment of the Supreme Court, so were his, in the then state of the pleadings. After the Supreme Court had decided against the defendant Woodbridge, the plaintiff, when the remittitur was filed in the court below, had the right to enter up judgment against the defendant, against the garnishee on his answer, and also against the principal and surety on the dissolution bond. Before the final judgment was so entered, Poage might have claimed the fund in the hands of the garnishee, belonging to the defendant Woodbridge, as an assignee for a valuable consideration. In other words, he could have made himself a party claimant. This he did not do. It is too late for him, after a judgment has been properly rendered and after the surety on the dissolution bond has paid the judgment and received the money of the principal in the bond, which he claimed as assignee in the suit pending in the superior court, and received it from his attor-

ney of record, to come into court and ask that these judgments be opened and he be allowed to make a claim to the fund already legally and equitably applied to the payment of the judgment against his surety. Not being a party to the suit when the judgments were rendered, the absence of his attorney furnished no reason why they should have been opened. The Supreme Court, in *Moore* v. *Kelly & Jones Co.*, 109 *Ga.* 798 (35 S. E. 168), declares that "while a motion to set aside a judgment is addressed to the sound discretion of the judge, it should not, although made during the term at which the judgment was rendered, be granted, unless some meritorious reason be given therefor." The absence of Mr. Owens, who, according to the record, was the attorney for the defendant Woodbridge, whose rights had been fully determined by the Supreme Court, constituted no legal or meritorious reason why the court should have opened judgments properly and regularly entered, at the instance of one who was not a party and who apparently had no interest in the matter between the parties litigant. We think the judgment of the city court on the motion of Poage, that the judgments against the garnishee and on the bond dissolving the garnishment be opened, was erroneous and should be set aside.                    *Judgment reversed.*