### 5390.  MYERS v. ADAMS.

WADE, J. 1. Under section 3653 of the Civil Code of 1910, "all choses in action arising upon contract may be assigned so as to vest the title in the assignee;" and no special form of words is necessary to make the assignment sufficient, if the language, however informal, shows the intention of the owner to transfer the chose in action. *Southern Mutual Life Insurance Association* v. *Durdin*, 132 *Ga.* 498 (64 S. E. 264, 131 Am. St. R. 210). A deed from a trustee in bankruptcy in which the property conveyed was described as the property of the bankrupt estate, "consisting of one stock of merchandise, notes and accounts, amounting to about $3,700," was not too indefinite to convey title to the bankrupt's notes and accounts. "The description of the property assigned is sufficient when it can be readily ascertained what property is meant." *Van Pelt* v. *Hurt*, 97 *Ga.* 662 (25 S. E. 489).

2. This being an action for the purchase-money of certain personal property, a contract between the vendor and the defendant, as to the rental of the property, to which was attached a statement showing the value of each of the different articles rented and the total value of all, and which was treated in the defendant's plea as relating to a contract of sale between the same parties, was properly allowed in evidence as a memorandum of the original amount of the debt between the contracting parties.

3. No proof being offered to sustain the allegation in the defendant's plea that he made certain payments to the bankrupt, Pittman, whose "notes and accounts" were assigned to the plaintiff, and the plea containing an admission that the defendant "did in the past purchase such articles [as described in the affidavit for attachment] from E. P. Pittman," the bankrupt, and the contract referred to above being in evidence and showing the same articles and the agreed value placed thereon, there was evidence to sustain the verdict, which was for a less amount than shown by the said contract.

4. The affidavit for attachment alleged that the sum of $44.90 was due the plaintiff by the defendant, whereas the attachment levied, which brought the defendant into court, issued for $27.90 only, through some clerical

error, and no effort was made to amend the attachment, nor was any objection made thereto on account of the discrepancy, but the defendant filed his answer thereto as if the attachment was proceeding for $44.90. The coming in of the answer or defense rendered the attachment merely mesne process; and the affidavit in the justice's court being the essential basis of the proceeding, and no declaration therein being necessary, this would not vitiate the verdict for the amount claimed in the affidavit. The contract introduced in evidence, together with the admissions of the defendant in his plea, would have warranted a verdict for the full value shown by the rent or sale contract, but for the fact that the affidavit of the plaintiff limited the amount to a sum not exceeding the amount therein claimed. The verdict being for less than the amount authorized by the evidence, the defendant can not complain of it on this account. *Cooper* v. *Bowen*, 140 *Ga.* 45 (78 S. E. 413).

5. There was no material error committed on the trial of the case, and the judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed. Roan, J., absent.*

DECIDED APRIL 30, 1914.

Certiorari; from Berrien superior court—Judge Thomas.  October 31, 1913.

*J. W. Powell, W. G. Harrison*, for plaintiff in error.

*C. A. Christian*, contra.

