16393.    Tarver *v.* Jones.

Jenkins, P. J.    1. "An adjudication of the same subject-matter in issue in a former suit between the same parties, by a court of competent jurisdiction, should be an end of litigation." Civil Code (1910), § 4335. "Before a claimant becomes a party to a garnishment suit, he must file a claim to the property apparently belonging to the defendant, in the hands of the garnishee, or he must give a bond to dissolve the garnishment under the provisions of Civil Code (1910), § 5282." *Drought* v.

*Poage,* 3 *Ga. App.* 178 (3) (59 S. E. 728). Thus, while a judgment rendered against the garnishee on the trial of the issue raised by a traverse of his answer is conclusive against the garnishee, it does not bind persons not parties to that proceeding. *Warthen* v. *Melton,* 132 *Ga.* 113 (1) (63 S. E. 832, 131 Am. St. Rep. 184). Accordingly, since "in cases of attachment the claim may be interposed either before or after judgment" (Civil Code of 1910, § 5120), where a claimant, in response to a levy of the execution in attachment, files his claim to property in the hands of a garnishee, he is not estopped by the previous judgment in favor of the plaintiff in attachment against the garnishee on the issue tried, on a traverse of his answer, to which such claimant was not a party.

2. Estoppels are not favored at law and in no case can the doctrine be invoked save where the estoppel is mutual. *Harris* v. *Amoskeag Lumber Co.,* 101 *Ga.* 641, 643 (29 S. E. 302); *Dodd* v. *Mayfield,* 99 *Ga.* 319, 320 (25 S. E. 698); *Luke* v. *Hill,* 137 *Ga.* 159 (1) (73 S. E. 345, 38 L. R. A. (N. S.) 559); *Whitman* v. *Bolling,* 47 *Ga.* 125, 133. Thus, one who has not become a party to a garnishment suit in attachment is not bound by a judgment in the proceeding in favor of the plaintiff merely by reason of the fact that during the trial of the traverse to the garnishee's answer, he was physically present at the trial, but took no part therein. *Wingo* v. *Johnson,* 119 *Ga.* 486, 488 (46 S. E. 669); *Mauck* v. *Rosser,* 126 *Ga.* 268, 273, 274 (55 S. E. 32); *Smith* v. *Johnston,* 71 *Ga.* 748 (3); *Churchman* v. *Robinson,* 99 *Ga.* 786 (1) (27 S. E. 164); *Rutherford* v. *Fullerton,* 89 *Ga.* 353, 354 (2) (15 S. E. 471); *Bullock* v. *Butts,* 33 *Ga. App.* 7 (124 S. E. 905 (4) ); *Southern Railway Co.* v. *Funke,* 152 Ala. 513 (44 So. 397).

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED DECEMBER 21, 1925.

Levy and claim; from city court of Columbus—Judge Tigner. March 21, 1925.

*Hatcher & Hatcher,* for plaintiff.

*George C. Palmer,* for defendant.