18737. PECK *v.* CALHOUN, trustee.

BELL, J. 1. Under section 3653 of the Civil Code of 1910, all choses in action arising upon contract may be assigned in writing so as to vest the title in the assignee. For this purpose no special form is necessary, but the assignment will be sufficient if its language discloses the intention of the owner to transfer his rights to the assignee. *Southern Mutual Life Ins. Asso.* v. *Durdin,* 132 *Ga.* 495 (64 S. E. 264, 131 Am. St. R. 210; *Myers* v. *Adams,* 14 *Ga. App.* 520 (81 S. E. 595). Hence, an indorsement on a non-negotiable promissory note, "Pay to acct. Isabella L. Calhoun, Trustee," signed by the payee therein, was, when accompanied by delivery, sufficient to authorize such transferee to bring suit thereon against the maker. See further, in this connection, *National Bank of Columbus* v. *Leonard,* 91 *Ga.* 805 (18 S. E. 32); *Shelley* v. *Baker,* 125 *Ga.* 663 (54 S. E. 653).

2. An order signed by the payee, upon the back of a note, directing payment to a named person, would, as respects its sufficiency as an assignment of the note, be the equivalent of an order to pay to "the account" of such person; either form, when accompanied by a consistent delivery of the note, being sufficient to constitute a valid assignment of that instrument, with the right in the assignee to maintain a suit upon the note in his own name. It follows that there was no material variance between the copy of the cause of action as attached to the petition and that shown by the evidence upon the introduction of the note with the assignment thereon.

3. Section 3224 of the Civil Code, having reference to conveyances and transfers in fraud of "creditors and others," can not be invoked by one who was not a creditor of the party whose conveyance or transfer was attacked and who held no rightful claim or demand against him, but who was, on the contrary, a mere debtor of such party. *Gunn* v. *Chapman*, 166 *Ga.* 279 (142 S. E. 873); *Massell* v. *Fourth National Bank*, 38 *Ga. App.* 601 (144 S. E. 806); *Mobley* v. *Merchants & Planters Bank*, 157 *Ga.* 658 (3) (122 S. E. 233); *Mitchell* v. *Langley*, 148 *Ga.* 244, 246 (96 S. E. 430).

4. Where the payee of a promissory note, after assigning the note to a third person, was sued by one of his own creditors, who caused a garnishment to be issued and served upon the maker of the note, but where, before the maker filed his answer in the garnishment proceeding, he was given notice by the assignee of the fact of such assignment, he acted at his peril when, in making answer to the summons of garnishment, he admitted an indebtedness to the payee; and when sued by the assignee on the note executed by himself he could not set up as a defense the payment which he had been required to make to the payee's creditor because of such admission in his answer in the garnishment proceeding. Civil Code (1910), § 3653; *Georgia State Bank* v. *Harden*, 32 *Ga. App.* 300 (3), 306 (124 S. E. 68); *Tarver* v. *Jones*, 34 *Ga. App.* 716 (131 S. E. 102); *Sasser* v. *Campbell*, 9 *Ga. App.* 177 (1) (70 S. E. 980); *Rutherford* v. *Fullerton*, 89 *Ga.* 353 (2) (15 S. E. 471).

5. On application of the above-stated principles it would have been error for the court to sustain any of the assignments of error contained in subparagraphs (*a*), (*b*), (*c*), (*d*), and (*e*) of paragraph 6 of the petition for certiorari, and, this being true, it is immaterial to the plaintiff in error that the answer to the writ failed to verify these assignments and that the court struck a traverse to that part of the answer having reference thereto.

6 The answer to the petition for certiorari having denied the allegations contained in subparagraph (f) of paragraph 6, and the denial not having been traversed, such allegations presented no matter for decision either in the superior court or this court.

7 While the note sued on in this case contained no words of negotiability and was for this reason not a negotiable instrument (Ga. L. 1924, p. 126, § 1 (4)), it was yet duly assigned to the plaintiff, against whose right to recover no sufficient defense was shown by the evidence. The judgment in favor of the plaintiff was demanded and no material error appears. *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED NOVEMBER 17, 1928.

766

*W. A., C. M. & L. S. James,* for plaintiff in error.
*Shelfer & Dunaway,* contra.