ELLIOTT *v.* ADAMS *et al.*

No. 8259. July 18, 1931. Rehearing denied September 17, 1931.

*Branch & Howard, Bond Almand,* and *Augustine Sams,* for plaintiff.

*R. B. Blackburn* and *B. H. Burgess,* for defendants.

HINES, J. (After stating the foregoing facts.)

A motion was made to dismiss the bill of exceptions upon the ground that it was not sued out within the time required by law. The defendants contend that as this is an equitable proceeding, in which the extraordinary relief of injunction is prayed, the bill of exceptions should have been sued out within twenty days from the rendition of the judgment granting a nonsuit. This judgment was rendered on December 5, 1930, and the bill of exceptions was tendered and certified on January 3, 1931. The motion to dismiss is without merit. The bill of exceptions in this case was not a fast one within the meaning of section 6153 of the Civil Code of 1910. It was not brought to review a judgment granting or refusing an injunction. Where a bill is dismissed on demurrer by decree either at chambers or in term, there is no law authorizing a review of such decree under the speedy remedy applicable to injunctions under the above section. *Sheibley* v. *Georgia So. R. Co.,* 65 *Ga.* 107. The same principle applies where, upon the final trial of an equity cause which seeks injunctive relief, a judgment of nonsuit is rendered by the court. In such case the exception is not to the grant or refusal of an injunction, but to a final judgment nonsuiting the plaintiff's case. The motion to dismiss is therefore denied.

Did the court err in admitting in evidence, over the objection of the plaintiff that they were irrelevant, the proceedings before the ordinary, brought by Adams and others against Plaster, to remove obstructions from the alleged private way which the defendants, Adams and Gardner, claim they have the right to use over the plaintiff's lands? These proceedings were introduced for the dual purpose of showing that the rights of these defendants to use this way had been adjudicated in their favor, and that the

plaintiff was precluded from contesting these rights by the judgment rendered in that case. In the strict sense of the term a proceeding in rem is one which proceeds directly against property, or which is brought to enforce jus in re. Where a proceeding in rem is brought against a particular piece of property for charges against it, as a proceeding in admiralty against a vessel, it is generally taken in possession, and the property itself is treated as the defendant's; and after seizure subsequent proceedings are had by citation to the world, of which the owner is at liberty to avail himself by appearing in the case. There are two kinds of actions which are often spoken of as proceedings in rem. The first is a proceeding against property without suit against the owner, treating the property as if it were the defendant's; but with monition or notice to any person claiming to be owner and opportunity to be heard. In this class of cases, which are strictly proceedings in rem, the judgments are against the property involved, and bind all the world. The other class of proceedings in rem are proceedings to determine the status of some person or subject-matter. They are proceedings quasi in rem. Such are judgments of outlawry, judgments appointing guardians or administrators, judgments authorizing administrators to sell the property of their intestates, judgments adjudging persons bankrupts, and judgments in like proceedings. Such proceedings are brought to establish status, and not to set up rights in or title to property; and judgments in such proceedings are not conclusive against third persons as to their rights in, or title to, property where they have no notice or opportunity to assert their rights. *Silvey* v. *Tift,* 123 *Ga.* 804 (51 S. E. 748, 1 L. R. A. (N. S.) 386). A judgment strictly in rem binds only those who could have made themselves parties to the proceedings, and those who had notice either actual or constructive by the thing condemned being first seized into the custody of the court. Scott *v.* McNeal, 154 U. S. 34 (14 Sup. Ct. 1108, 38 L. ed. 896) ; New Orleans Water Works *v.* New Orleans, 164 U. S. 480 (17 Sup. Ct. 161, 41 L. ed. 518) ; Riverside &c. Cotton Mills *v.* Menefee, 237 U. S. 189 (35 Sup. Ct. 579, 59 L. ed. 910).

. In *Stroupper* v. *McCauley,* 45 *Ga.* 74, this court held that a judgment on a mechanic's lien is not a judgment in rem, and hence does not conclude those claiming under a title adverse to him who created the lien. In *Childs* v. *Hayman,* 72 *Ga.* 791, this court

further held that a suit for partition of land is not a proceeding in rem, nor is the final judgment partitioning the land binding on any of the cotenants who were not brought within the jurisdiction of the court with some service of process, actual or constructive. It seems clear that the party sought to be bound by a judgment in rem must have actual or constructive notice of the proceeding. The plaintiff in this case, not having been a party to the proceeding in the court of ordinary, and having no notice thereof, actual or constructive, is not bound by the judgment rendered therein. This being so, the trial judge erred in admitting the proceeding before the ordinary and the judgment rendered therein, over the objection of the plaintiff that they were irrelevant and immaterial.

■ But it is insisted that the plaintiff was bound by this judgment, for the reason that she procured the obstructions to be placed in the way which the plaintiffs in the proceeding before the ordinary were seeking to have removed; and that she was present in court when the certiorari, which was sued out by the defendant in that proceeding to review the judgment of the ordinary rendered therein, was heard by the judge of the superior court. Counsel for the defendants rely upon the principle announced by this court in *Fitzgerald* v. *Bowen,* 114 *Ga.* 691 (40 S. E. 735). In that case this court held that "One who had full knowledge of the pendency of a case in which he had a direct pecuniary interest, and neither sought to become a party thereto nor made any effort to intervene therein, so as to protect his rights, can not, after the rendition of a judgment in favor of the plaintiff in such suit, maintain an equitable petition to set such judgment aside or restrain its enforcement." The defendants do not contend that the plaintiff had any knowledge of the pendency of the proceeding before the ordinary to have the obstructions removed from the way over her lands, which they claim they have the right to use, before judgment in that proceeding was rendered; but they claim that the plaintiff was present when the certiorari, which the defendant in that proceeding sued out to review the judgment therein, was heard by the judge of the superior court. It does not appear from the record in this case that the plaintiff was present when this certiorari was heard; but admitting for the sake of the argument that she was present, such presence does not bring the case within the ruling made in the case cited. It was then too late for the plaintiff to

become a party to the proceeding and make any defense thereto. The ruling made in the case cited should not be extended beyond the facts thereof. One who is not a party to a proceeding to remove obstructions from a private way under section 825 of the Civil Code of 1910, and had no notice of such proceeding until after judgment was rendered by the ordinary therein, and who had taken no part in such trial, is not bound by the judgment, although it should appear that she was physically present at the hearing of the certiorari brought by the defendant to review the judgment rendered against him in such proceeding, but took no part therein. *Smith* v. *Johnston,* 71 *Ga.* 748; *Rutherford* v. *Fullerton,* 89 *Ga.* 353 (15 S. E. 471); *Churchman* v. *Robinson,* 99 *Ga.* 786 (27 S. E. 164); *Wingo* v. *Johnson,* 119 *Ga.* 486 (46 S. E. 669); *Mauck* v. *Rosser,* 126 *Ga.* 268 (55 S. E. 32); *Tarver* v. *Jones,* 34 *Ga. App.* 716 (131 S. E. 102).

■ To entitle one to a prescriptive right of way over the lands of another, it must be shown that the prescriber has been in the uninterrupted use of a permanent road over the land, not exceeding fifteen in width, and that he has kept it open and in repair for seven years. Where a private way is claimed by prescription, the parties setting up such claim must bring themselves strictly within the requirements of the law. That parties have been in the habit of traveling across the land of another by a route more than fifteen feet wide, which was not kept in repair, and was not permanent in its location, will not suffice. Civil Code (1910), § 824; *Nott* v. *Tinley,* 69 *Ga.* 766; *Childers* v. *Holloway,* 69 *Ga.* 758; *Collier* v. *Farr,* 81 *Ga.* 749 (7 S. E. 860); *Johnson* v. *Sams,* 136 *Ga.* 448 (71 S. E. 891). The evidence introduced by the plaintiff in this case would have authorized the jury to find that the defendants were not entitled to use the private way which they claim they have the right to use over the lands of the plaintiff.

■ The defendants filed a demurrer which was overruled by the court. No exception to this judgment was taken. The plaintiff offered evidence substantially proving the case as laid in the petition. The defendants moved for a nonsuit, which motion was overruled. The defendants then proceeded to introduce evidence to sustain their defense to the petition. Pending the introduction of this evidence the court withdrew the case from the jury and granted a nonsuit. The demurrer to the petition having been overruled,

and the plaintiff having introduced evidence substantially proving her case as laid in the petition, it was reversible error for the court to grant a nonsuit. *Kelly* v. *Strouse,* 116 *Ga.* 872 (43 S. E. 280); *Brooks* v. *Rawlings,* 138 *Ga.* 310 (75 S. E. 157).

■ ■ The proceeding brought by Adams and others, to remove obstructions from the private way which they claim to have the right to use over plaintiff's lands, was based upon the ground that they had a prescriptive right of way; and not on an inchoate right to use this way under section 819 of the Civil Code of 1910. The proceeding in the present case was brought to enjoin the enforcement of the judgment obtained in the proceeding before the ordinary, and for the further purpose of enjoining the defendants, Adams and Gardner, from committing repeated acts of trespass on the lands of the plaintiff when they had acquired no easement or right of way over the same by prescriptive right or title. Equity has jurisdiction to enjoin continuous trespasses. *Kimbrell* v. *Thomas,* 139 *Ga.* 146 (76 S. E. 1024); *Sapp* v. *Odum,* 165 *Ga.* 437 (141 S. E. 201). As these defendants set up a prescriptive right to the private way which they claim over the lands of the plaintiff, and did not base their right upon any inchoate right thereto, the above section of the code can not be relied upon to bar the plaintiff from prosecuting the present action. If it is finally determined that these defendants do not have a right of way by prescription, and the court finally enjoins them from going upon the lands of the plaintiff in order to use such right of way, the court could give to these defendants, if they asked it, thirty days after the rendition of the decree so enjoining them, in which to apply for a private way over the lands of the plaintiff.

*Judgment reversed. All the Justices concur.*