## 29933. RAINEY *v.* EATONTON CO-OPERATIVE CREAMERY INC.

DECIDED JUNE 17, 1943.

548

*D. D. Veal,* for plaintiff.

*R. C. Whitman, Lula G. Whitman,* for defendant.

MacIntyre, J. ■ "'A garnishment proceeding is a distinct suit against a separate party, and for an entirely new cause of action.'" *Anderson* v. *Ledbetter-Johnson Contractors,* 62 *Ga. App.* 732 (2) (9 S. E. 2d, 860). And the garnishee may answer and dissolve the garnishment by giving a bond; but if the defendant gives the dissolution bond in garnishment proceedings, such a bond changes the parties by changing the issue from one between the plaintiff and the garnishee, to an issue between the plaintiff and defendant. *Jackson* v. *Hogan,* 18 *Ga. App.* 219 (2) (89 S. E. 184); Code, § 46-401; *Leake* v. *Tyner,* 112 *Ga.* 919 (38 S. E. 343). If there be a claimant, then either the claimant or the plaintiff or both may traverse the answer of garnishment. Code, § 46-303. But before the claimant becomes a party to the garnishment suit, he must file a claim to the property or he must give a bond to dissolve the garnishment under the provisions of Code, § 46-402; *Tarver* v. *Jones,* 34 *Ga. App.* 716 (131 S. E. 102). The giving of the bond amounts to a filing of a claim. *Gordon* v. *Wilson,* 99 *Ga.* 354 (2) (27 S. E. 762). The physical presence alone at the trial does not bind the claimant when he is not a party. *Tarver* v. *Jones,* 34 *Ga. App.* 716 (2) (131 S. E. 102); *Drought* v. *Poage,* 3 *Ga. App.* 178 (59 S. E. 728).

Mr. J. E. Little, the defendant, gave no bond to dissolve the garnishment. Mrs. J. E. Little filed no claim, gave no bond to dissolve the garnishment, and did not traverse the answer of the garnishee. Hence she was not a party to the garnishment suit, nor was she a party to the issue made by the plaintiff's traverse to the garnishee's answer. The general rule is that the burden of proof is on the party traversing the answer of the garnishee. *Rockmart Bank* v. *Nix,* 14 *Ga. App.* 238, 239 (80 S. E. 673). In the instant case the only traverse to the answer of the garnishee was by the plaintiff. In the justice's court the plaintiff offered an

amendment to his traverse of the answer of the garnishee, which amendment in effect sought to have the court force Mrs. Little to file a claim to the property in question and to come in as a party to the garnishment suit. The amendment set up that the defendant's wife was trying fraudulently to avoid the garnishment by claiming the alleged indebtednes was due to the wife instead of the husband, and that the alleged indebtedness of the wife, as stated in the traverse, was a mere cover for fraud. This amendment was allowed in the justice's court, over her objection, and she was made a party to the garnishment suit. However, in the superior court, on objection by the garnishee, the amendment was not allowed or was stricken. *Bullock* v. *Butts,* 33 *Ga. App.* 7 (124 S. E. 905). Mrs. Little was not a party to the garnishment suit; and there was no attempt by the garnishee to vouch Mrs. Little into court, in order to protect the garnishee against any possibility of twice paying out the money in question. *Sasser* v. *Campbell,* 9 *Ga. App.* 177 (70 S. E. 980). There was an answer by the garnishee that he was indebted to the defendant in no amount; and this is sufficent. "The traverse may be amplified at the option of the plaintiff, but nothing more is necessary to bring in question the liability of the garnishee to a garnishing creditor than an unqualified, though general, denial of the truth of the garnishee's answer." *Barkley* v. *May,* 3 *Ga. App.* 101 (59 S. E. 440). The foundation of the suit here, without which it would not be maintainable, is not fraud. The gist of the garnishment suit is that the garnishee owes the defendant (and that the indebtedness is subject to the garnishment). And the simple direct statement in the answer of the garnishee, that he owed the defendant nothing, and the simple direct statement by the plaintiff in his traverse that he denies such answer, is narrowing the whole field of controversy until there is evolved a single point, affirmed by one side and denied by the other, called the issue, upon which the parties are to go to trial. It is permissible under such pleadings, without any further or special pleadings, for the plaintiff, under his general denial, to show in any legal way he can that the garnishee owes the defendant, and that such indebtedness is subject to his garnishment; for if the court were to require a renewal in the form of an amplification of the contentions of either of the parties by further pleadings, with or without distinct names, it might start all over the process

of narrowing the field of controversy by the pleading to the real issue.

We do not think it necessary to have special pleading in order to show fraud, if the fraud was merely for the purpose of covering up the indebtedness of the garnishee to defendant. *Fouts* v. *Gardner*, 157 *Ga.* 362 (121 S. E. 330). Thus, an amendment by the plaintiff of its traverse, setting up facts showing that there was such fraud, would not have been objectionable merely because it thus amplified the denial of the truth of the garnishee's answer. See *Georgia Power Co.* v. *Decatur*, 170 *Ga.* 699, 718 (5) (154 S. E. 268). But the amendment by the plaintiff was tendered in its entirety for the purpose of having the court force Mrs. Little to file a claim to the property in question, and thus to become a party to the the suit. This the plaintiff could not do; for it was for Mrs. Little to determine whether she wished to file a claim. *Massoud* v. *Lamar, Taylor & Riley Drug Co.*, 18 *Ga. App.* 398 (89 S. E. 442). Thus, under the pleading as it existed at the time of the offering of the amendment, the plaintiff had an ample remedy; for it was permissible for him to show under the pleading that there was a mere cover-up transaction, and that in fact the property was the property of the defendant, or to show in any legal way that the property in question was that of Mr. Little, and if he did this he could obtain his judgment against the garnishee. As to whether the garnishee wished to stand upon its simple denial of any indebtedness to the defendant and perchance run the risk of having to pay the claim twice, by their failing to vouch Mrs. Little into court, was a matter for the garnishee to determine at its peril, and not a matter for determination by the plaintiff. The court did not err in not allowing or striking the amendment.

■ This was the only traverse filed in the garnishment case, and the defendant had not given any bond to dissolve the garnishment. Therefore it seems to us that here the general rule applies on the trial of the traverse of the plaintiff to garnishee's answer, which is that the burden is on the plaintiff, the party traversing the answer of the garnishee. "A married woman may make contracts with other persons as if she were single. Whenever a transaction is between husband and wife, and creditors of the husband attack it for fraud, if the wife claim the property purchased or received from her husband, the *onus* is on her to make a fair showing about the

whole transaction; but where she has a separate estate, and purchased from others than her husband, and the property is levied on as the property of the husband, the *onus* is upon the creditor to show fraud or collusion, or that the wife did not have any separate estate or means wherewith to purchase the property." *Richardson* v. *Subers*, 82 *Ga.* 427 (9 S. E. 172) ; Code, § 53-505.

In the state of the pleadings in this case, before any presumption arises under the Code, § 53-505, the transaction between husband and wife, such as is there stated, must first be shown. Here no such transaction is shown. The checks being payable to her, we do not think that it was incumbent upon her, under the facts of this case, to prove why they were payable to her, any more than it would have been incumbent upon any other person under like circumstances. Thus, the burden being upon the plaintiff, the fact that the defendant rented a place known as the "Knowles" place; that no dairy was thereon (however, the owner of the place had nothing to do with the dairy, and it was put thereon after he had rented it, and he did not know who owned or operated it) ; that Mr. Little and his wife lived on said "Knowles" place; that before and after service of the garnishment the creamery gave to Mrs. Little checks which indicated that they were given as payment for dairy products (it should be noted that there is no evidence to connect the checks in any way with Mr. Little) does not show that the garnishee had any money or property in its hands that belonged to the defendant. Neither is there any evidence to connect the products sold by Mrs. Little to the creamery with products which came from the "Knowles" place, which was rented by Mr. Little.

After the plaintiff had introduced the foregoing evidence, he tendered in evidence ledger sheets from the books of the Farmers and Merchants Bank, which showed that Mrs. Little had no account there; that Mr. Little had had a deposit there at one time, but had later closed the account; that he later had opened an account under J. E. Little, special, and had then closed this account by withdrawing the entire amount; and that the ledger sheets did not show the source of any deposit. Said ledger sheets were ruled out. We think the judge was correct in ruling them out, on the ground that they were immaterial and irrelevant, for there was no explanation of the entry on the ledger sheet, and

no sufficient circumstance proved which showed that any of the entries in any way related to the issue on trial. In short, the entries on the ledger ·sheets were not sufficiently connected up so as to make them admissible.

What the garnishee told the plaintiff, or his attorney, in the nature of an admission contrary to the answer of the garnishee, could be testified to by the person to whom such admission was made. But the person to whom such statement was made can not, by the mere process of reducing it to writing in the nature of a letter, change the hearsay character of the evidence, and thus introduce the letter. The other part of the letter was composed of self-serving declarations. Therefore the letter containing the hearsay admissions and the self-serving declarations was properly ruled out.

The direction of the verdict was not error for any reason assigned; and none of the rulings of the court complained of shows cause for a reversal of the judgment.

*Judgment affirmed.* *Broyles, C. J., and Gardner, J., concur.*