In re HESS.

(District Court, E. D. Pennsylvania. January 16, 1905.)

No. 1,993.

1. BANKRUPTCY—BANKRUPT'S BOOKS AND PAPERS—TITLE.
   Under the express provisions of Bankr. Act July 1, 1898, c. 541, § 1, cl. 13, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3419], and section 70, cl. 1, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3452], the bankrupt's trustee is vested by operation of law with title to all the bankrupt's books, papers, contracts, securities, etc., relating to his business.

2. SAME—INCRIMINATION—REFUSAL TO TESTIFY—PRIVILEGE.
   Const. Amend. 5, providing that no person shall be compelled in any criminal case to be a witness against himself, is not limited to proceedings actually brought, but applies as well to criminal proceedings which might be brought against the witness in the future.
   [Ed. Note.—For cases in point, see vol. 50, Cent. Dig. Witnesses, § 1011.]

3. SAME—BANKRUPTCY—EXAMINATION—INCRIMINATING EVIDENCE—USE.
   Bankr. Act July 1, 1898, c. 541, § 7, cl. 9, 30 Stat. 548 [U. S. Comp. St. 1901, p. 3425], providing for a bankrupt's oral examination at the first meeting of his creditors, declares that no testimony so given by him shall be offered in evidence against him in any criminal proceeding; and Rev. St. § 860 [U. S. Comp. St. 1901, p. 661], provides that no answer or other

pleading of any party, or any discovery of evidence, obtained by means of any judicial proceeding from any party or witness, shall be given in evidence or in any manner used against the party or witness, in any court of the United States. *Held* that, since neither of such sections fully protected a bankrupt against the use of incriminating evidence alleged to be contained in his books of account, he was entitled to plead his constitutional privilege against an application to compel him to produce such books, etc., for examination, in so far as they, in fact, contained incriminating evidence.

4. SAME—INCRIMINATION—DETERMINATION.

Where a bankrupt pleaded his constitutional privilege against a production of books of accounts, alleged to contain incriminating evidence, he should be required to bring such books and papers either before the court or referee in bankruptcy, for determination of the question whether the plea was well founded in fact, and for the making of an order for the protection of the bankrupt from the discovery of such evidence, and, if possible, to enable the trustee to obtain other necessary information from such books.

In Bankruptcy. Motion to show cause why bankrupt should not produce books and pay over funds in his hands referred to a referee.

Charles Biddle and Samuel P. Tull, for trustee.
Julius C. Levi, for bankrupt.

HOLLAND, District Judge. Upon the petitions filed by Louis Behal, trustee in this estate, orders were granted upon Edward Hess, the bankrupt, to show cause (1) "why he should not forthwith make discovery of his books, their number and character, and make forthwith delivery of possession of the same to the trustee"; and (2) "why he, the said Edward Hess, should not be committed for contempt for failure to deliver to the trustee certain assets alleged to be in his hands, for which he had not accounted."

The bankrupt's answer to the first rule avers that the Tradesmen's National Bank contemplates instituting criminal proceedings against him for obtaining money from it by false pretenses, or false and fraudulent representations regarding his financial condition at the time certain notes were discounted for him, and that the books contain evidence that may tend to incriminate him; and, second, that he has not in his possession or under his control any assets which he is concealing or has concealed from his trustee in bankruptcy.

While there may be some doubt about the question as to whether a bankrupt can plead this privilege to a demand for his books and papers, or to fully answer as to his property, in cases of voluntary bankruptcy (In re Sapiro, 1 Am. Bankr. Rep. 296), this being an involuntary petition this question need not be considered. Here the question is squarely raised as to whether or not the bankrupt is compelled to deliver his books and papers to his trustee, and fully answer all questions that may be propounded to him concerning his assets, even though either or both may tend to incriminate him. There is no criminal case or prosecution pending against the bankrupt at this time, and the only allegation is that the Tradesmen's National Bank contemplates instituting criminal proceedings against the bankrupt, and that the books demanded to be turned over to the trustee contain evidence that may tend to incriminate him.

Under section 70, cl. 1 (Bankr. Act July 1, 1898, c. 541, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3452]), the trustee of a bankrupt is vested by operation of law with the title to all "documents relating to the bankrupt's property." Section 1, cl. 13 (30 Stat. 544 [U. S. Comp. St. 1901, p. 3419]), defines a "document" to include any books, deed, or instruments of writing, and includes deeds, all other muniments of title, contracts, securities, bills receivable, notes, bankbooks, bills of exchange, account books, and all papers and books relating to his .business. These books and papers of the bankrupt, which come within the designation of documents, are regarded by the bankrupt act as personal property, the title to which, by operation of law, is vested in the trustee. They are valuable not so much as an asset that can be converted for the purpose of meeting the demands of creditors, as they are for their importance as evidence by which assets can be discovered by the trustee. Can he, then, be compelled to deliver their possession for this purpose, if, perchance, they contain evidence that may tend to incriminate him, and which might subject him to a successful criminal prosecution either in the federal or state courts? The privilege here invoked is found in the fifth amendment to the Constitution of the United States, in these words: "No person shall be compelled in any criminal case to be a witness against himself." It has been held by the Supreme Court of the United States, in Boyd v. U. S., 116 U. S. 616, 6 Sup. Ct. 524, 29 L. Ed. 746, that "the compulsory production of a man's private papers, to be used in evidence against him, is equivalent to compelling him to be a witness against himself in a prosecution for a crime, penalty, or forfeiture, and is equally within the prohibition of the fifth amendment."

The fact that no prosecution is now pending against the bankrupt is no answer to his right to claim this constitutional privilege. The meaning of the constitutional provision is not simply that he shall not be compelled to produce books and papers which may contain evidence tending to incriminate him in a pending prosecution for a criminal offense against him, but its object is to insure him against such compulsory production of his books and papers containing incriminating evidence in any proceeding or investigation, whether such compulsory disclosure is sought directly to establish his guilt, or indirectly and incidentally for the purpose of proving facts involved in an issue between other parties. If the disclosure thus made would be capable of being used against him as a confession of crime, or an admission of facts tending to prove the commission of an offense by himself, in any prosecution then pending or that might be brought against him thereafter, such disclosure would be an accusation of himself, within the meaning of the constitutional provision. Counselman v. Hitchcock, 142 U. S. 573, 12 Sup. Ct. 195, 35 L. Ed. 1110; Emery's Case, 107 Mass. 172, 9 Am. Rep. 22.

Does, then, the provision in the bankrupt act (section 7, cl. 9, 30 Stat. 548 [U. S. Comp. St. 1901, p. 3425]), which provides for the oral examination of the bankrupt as to the conduct of his business, and whereabouts of his property, and all matters which may affect the administration and settlement of his estate, and further provides that "no testimony thus given by him shall be offered in evidence against him in any criminal proceeding," or section 860 of the Revised Statutes [U. S.

Comp. St. 1901, p. 661], which provides that "no answer, or other pleading of any party, or any discovery of evidence obtained by means of any judicial proceeding from any party or witness * * * shall be given in evidence, or in any manner used against said party or witness, or his property, or his estate, in any court of the United States," either separately or together, afford an absolute immunity against prosecution, federal or state, for any offense to which the alleged incriminating evidence contained in the books and papers may relate? If such immunity is afforded by these provisions in the law, he must deliver his books and papers, without regard to whether they contain evidence tending to incriminate him. Brown v. Walker, 161 U. S. 616, 16 Sup. Ct. 644, 40 L. Ed. 819.

It will be noted that the immunity granted to the bankrupt by section 7, cl. 9, is that no testimony given by him at the first meeting of the creditors, where he shall be examined as to his dealings with his creditors and other persons, the whereabouts of his property, and all matters which may affect the administration and settlement of his estate, shall be offered in evidence against him in any criminal proceeding. There is nothing either in this section or any other in the bankrupt act which protects him from the use of evidence in a criminal prosecution, either in the federal or state courts, that may be obtained from books and documents which the seventieth section, cl. 1, of the act, passes to the trustee. Section 860 of the Revised Statutes only prohibits the use of evidence that may be obtained from the bankrupt's books in prosecutions in the federal courts. There is nothing in this section which extends that immunity to the use of such evidence in the state courts, and there is nothing to prevent the trustee from making use of the bankrupt's books in a criminal prosecution against him instituted in the state courts. Obviously, therefore, if section 7, cl. 9, of the bankrupt act, does not protect him against the use of the evidence which he alleges is contained in his books, of an incriminating nature, in either the state or federal courts, and section 860 of the Revised Statutes extends the immunity only to federal courts, and not to state courts, it is plain that whatever incriminating evidence the books may contain could be used without restriction in the state courts for the purpose of convicting him of any crime for which he might be indicted there, and, in consequence of this danger to him, the plea of his constitutional privilege must prevail. But who is to be the judge whether or not the books and papers do actually contain evidence of an incriminating nature, as alleged by the bankrupt? Can it be that, upon the filing of an involuntary petition in bankruptcy, the bankrupt can refuse to deliver possession of his books and papers to the trustee, when called upon to do so, by answering that they contain incriminating evidence? He may desire to retain possession of his books for the purpose of concealing assets, or he may honestly be mistaken as to the effect of the evidence alleged to be incriminating. The tranactions which, in his judgment, are incriminating, may not be acts or transactions of an incriminating nature, and, if established, may not constitute an offense. The statute of limitations may bar a prosecution. All these matters must be considered in passing upon the question as to whether or not the books do contain evidence of an incriminating nature.

When a witness is before the court in a proceeding, and a question is propounded, it must appear to the court, from the circumstances of the case, and the nature of the evidence which the witness is called to give, that there is reasonable ground to apprehend danger to the witness from being compelled to answer, to entitle him to the privilege of silence; and, when the fact of the witness being in danger be once made apparent to the court, great latitude should be allowed to him in judging for himself of the effect of any particular question. Brown v. Walker, 161 U. S. 599, 16 Sup. Ct. 648, 40 L. Ed. 819. "The object of the law is to afford to a party called upon to give evidence in a proceeding, inter alios, protection against being brought by means of his own evidence within the penalties of the law. But it would be to convert a salutary protection into a means of abuse if it were to be held that a mere imaginary possibility of danger, however remote and improbable, was sufficient to justify the withholding of evidence essential to the ends of justice." Brown v. Walker, supra. This being the practice when witnesses are called to testify and claim their privilege, it is equally important, under the bankrupt law, that the court should pass upon the probability of danger to the bankrupt when he pleads his constitutional privilege, upon a demand made by a trustee in bankruptcy for him to deliver his books and papers as required by that act. Where, under these circumstances, a bankrupt pleads this privilege, he should be required to bring the books and papers which he alleges contain the incriminating evidence before either the court or referee in bankruptcy; and, when it is made to appear that his plea is well founded, the court can make such order in the case as will fully protect him from discovery of such evidence, and at the same time, if possible, enable the trustee to obtain such information from the books as is always necessary and indispensable in the settlement of bankrupt estates.

It is therefore ordered, adjudged, and decreed that the petitions, rules, and answers be referred back to Edward T. Hoffman, referee, to take such testimony as the bankrupt may offer to show his answer that his books and papers contain evidence which may tend to incriminate him is made in good faith to protect him against a criminal prosecution that has been instituted or which will probably be brought against him, and report such evidence and his conclusions thereon to this court; specifying which of said documents, if any, do or do not contain such alleged incriminating evidence. The referee is also directed to take testimony to ascertain whether or not the said Edward Hess, bankrupt, now has in his possession or control any property belong to the estate which should be turned over to Louis Behal, trustee, and to report such evidence to this court, together with his conclusions of law thereon.