### In re PALEAIS.

(Circuit Court of Appeals, Second Circuit. January 7, 1924.)

No. 208.

1. Contempt ⊚⇒40—Nature of proceeding.

A proceeding to punish for contempt is sui generis, being resorted to in criminal and in civil actions, and independently of either of such actions.

2. Contempt ⊚⇒66(2)—Right of review depends on finality of order of punishment.

If contempt of court is committed in violating an order of an equity court during the proceedings in the suit and has been punished by a fine imposed as compensation to the other party, it is interlocutory only and can be reviewed only on appeal from the final decree; but where the punishment imposed is punitive, even in part, as distinguished from compensatory, the order imposing punishment may be at once reviewed, and an order punishing one criminally for contempt is a final judgment which may be immediately reviewed by writ of error.

3. Courts ⊚⇒340—Conformity Act held not to apply to proceedings.

Rev. St. § 914 (Comp. St. § 1537), known as the Conformity Act, has no application to the practice, pleadings, and forms and modes of proceeding in bankruptcy.

4. Bankruptcy ⊚⇒152—Trustee invested with title to all property of bankrupt.

A trustee in bankruptcy upon his appointment and qualification by operation of law and without any transfer is invested with the title to all the property of the bankrupt with the right to its possession, whether it is at the time in the hands of the bankrupt or of his receiver, or in the hands of a third person who himself holds title as trustee for the bankrupt, and his title relates back to the date of adjudication of bankruptcy, in view of Bankruptcy Act, § 70 (Comp. St. § 9654).

5. Bankruptcy ⊚⇒136(2)—Trustee in bankruptcy may move to punish bankrupt for disobedience of order to turn books over to receiver.

Since a trustee in bankruptcy succeeds to all the rights of a receiver, he may institute contempt proceedings for disobedience to turn books over to the receiver under order of court, as against the contention that the receiver is the aggrieved party.

Petition to Revise Order of the District Court of the United States for the Eastern District of New York.

---

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In the matter of the estate of Adolph Paleais, bankrupt. On petition to revise an order adjudging bankrupt in contempt for noncompliance with a turnover order. Order affirmed.

Certiorari denied 44 Sup. Ct. 404, 68 L. Ed. ——.

Joseph G. M. Browne and Barnett E. Kopelman, both of New York City (Joseph G. M. Browne, of New York City, of counsel), for petitioner.

Robert P. Levis, of New York City (David B. Tolins, of New York City, as counsel), for trustee.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

ROGERS, Circuit Judge. This is a petition to revise an order which adjudged the petitioner in contempt for noncompliance with a turnover order.

It appears that in the proceeding in which the petitioner was adjudged a bankrupt one James Gray was appointed receiver, and that he applied for an order directing the petitioner (the bankrupt) to deliver to him certain books and papers. The petitioner appeared and answered stating that he was unable to deliver them because they were not in his possession, having been stolen. The application was granted, and the order was entered on October 3, 1922, directing the petitioner to turn over the books and papers to the receiver on or before 4 p. m. of October 6, 1922.

That order was brought into this court by petition to revise, and the order was affirmed without opinion. 287 Fed. 1022.

Thereafter a motion was made to punish the petitioner for contempt, for failure to comply with the order. This motion was not made by the receiver, Mr. Gray, who had obtained the turnover order, but was made by one Lewis H. Saper, who had, in the interval between the making of the turnover order, and its affirmance by this court, been appointed trustee.

The petition of Mr. Saper alleged his appointment and qualification as trustee, the making of the turnover order and its affirmance by this court, the failure of the petitioner to turn over the books and papers to the receiver, or to him as trustee, and asked that the petitioner be adjudged in contempt.

The petitioner filed an answer to this petition, objecting to the jurisdiction of the court to entertain the application of the trustee, for the reasons that he was not a proper person to make the application, as the turnover order directed the petitioner to turn over said books and papers to the receiver Mr. Gray, and did not direct or require the petitioner to turn over anything to the trustee; that the said turnover order was incapable of enforcement, as it required the books and papers to be turned over to the receiver, and since the making of the order, the receiver had been superseded by the trustee, and that the receiver's office had automatically expired upon the appointment and qualification of the trustee; also, that the petition was defective in failing to show, by competent evidence, that as the result of petitioner's inability to turn over such books and papers, the estate had in any

way or manner been injured, or that any of the trustee's rights had been impaired, impeded, prejudiced, or defeated in consequence thereof.

The petitioner also set forth the theft of the books and papers, the fact that they had never been recovered and were not in his possession, custody, or control, directly or indirectly, and that his inability to turn them over was not due to any willful, intentional, or contumacious refusal on his part to do so.

The application, however, was granted; petitioner was adjudged in contempt and ordered into custody and was confined in jail pursuant to the order.

He then applied to the Supreme Court of the United States for leave to file a petition for a writ of habeas corpus, upon a petition, which attacked the validity of the order of contempt and commitment. The Supreme Court denied the motion, without prejudice to an application to the District Court. Ex parte: Adolph Paleais, Petitioner, 43 Sup. Ct. 519, 67 L. Ed. 591.

Thereupon, the petitioner applied to the District Court for a writ of habeas corpus upon a petition which attacked the validity of the order of contempt and commitment, and which embodied the same contentions as were urged in the petition before the Supreme Court. The writ was allowed, and after consideration the court dismissed the writ.

An appeal was taken to this court, and the order dismissing the writ of habeas corpus was affirmed (294 Fed. 852); this court stating that as the record disclosed that the District Court had jurisdiction of the subject-matter and of the person of the petitioner, and authority to enter the order appealed from, that this court had no right to inquire further into the exercise of the District Court's jurisdiction and that if the court had erred in making the contempt order of March 22, 1923, its validity could only be reviewed by a petition to revise it, and not by habeas corpus. Opinion filed November 12, 1923.

So it happens that this case is here again, and this time upon the petition of the bankrupt to revise the order of March 22, 1923, which adjudged him in contempt for noncompliance with the original turnover order of October 3, 1922, directing him to turn over the books and papers. The essential part of the order of March 22, 1923, may be found in the margin.[1]

---

[1] "Ordered, Adjudged and Decreed that the said bankrupt, Adolph Paleais, is guilty of a contempt of this Court and that he be forthwith committed to the Raymond Street Jail, located in the Borough of Brooklyn, County of Kings, State of New York, Eastern District of New York, to be there confined and detained as punishment for his contempt in failure to comply with the terms of the order of this Court; and it is further

Ordered, that Jesse D. Moore, Esq., Marshal of the United States District Court for the Eastern District of New York, be, and he hereby is, ordered and directed to forthwith apprehend Adolph Paleais, the above named bankrupt, and confine and detain him in the Raymond Street Jail to be there so detained until the above named bankrupt shall have purged himself of such contempt, or until the further orders of this Court; and it is further

Ordered, that in the alternative the bankrupt, Adolph Paleais may purge himself of the aforesaid by forthwith turning over the cash book, ledger, check book, bill books, note books, canceled vouchers and unpaid bills, called for by the said order of October 3rd, 1922, to his Trustee in Bankruptcy."

[1, 2] A proceeding to punish for contempt is sui generis. It is resorted to in criminal and in civil actions, and independently of either of such actions. If the contempt of court was committed in violating an order of an equity court during the proceedings in the suit and has been punished by a fine imposed as compensation to the other party to a suit it is interlocutory only, and can be reviewed only on appeal from the final decree. Matter of Christensen Engineering Co., 194 U. S. 458, 24 Sup. Ct. 729, 48 L. Ed. 1072; Doyle v. London Guarantee & Accident Company, 204 U. S. 599, 27 Sup. Ct. 313, 51 L. Ed. 641. But where the punishment imposed is punitive, even in part, as distinguished from compensatory, the order imposing punishment may be at once reviewed; and if the punishment imposed is a fine imposed partly as compensation and partly as punishment, the criminal feature of the order is dominant and fixes its character for purposes of review. And an order punishing one criminally for contempt is a final judgment which may be immediately reviewed by writ of error. Union Tool Co. v. Wilson, 259 U. S. 107, 111, 42 Sup. Ct. 427, 66 L. Ed. 848. And there can be no doubt that the order punishing this petitioner for failing to turn over his books and papers and directing his imprisonment was a final judgment entitling him to an immediate review.

[3] It is contended by the petitioner that as the Bankruptcy Act prescribes no mode of practice, pleading, or procedure with respect to proceedings for contempts under it, the proceeding is governed by the Judiciary Law of the State of New York (Consol. Laws, c. 30), and that under that statute it appears that the order of contempt is void. We need not consider the law of New York on the subject of contempt unless we conclude that the New York statute in some way applies. The claim put forward is based on section 914 of the Revised Statutes, otherwise known as the Conformity Act (Comp. St. § 1537), which reads as follows:

"The practice, pleadings, and forms and modes of proceeding in civil causes, other than equity and admiralty causes, in the * * * District Courts, shall conform, as near as may be, to the practice, pleadings, and forms and modes of proceeding existing at the time in like causes in the courts of record of the state within which such * * * District Courts are held, any rule of court to the contrary notwithstanding."

But that statute very clearly has no application to the practice, pleadings, forms, and modes of proceeding in bankruptcy. The statute expressly declares that it applies "in civil causes, other than equity and admiralty causes." And bankruptcy proceedings are purely equitable in character, and within the limits of the Bankruptcy Act (Comp. St. §§ 9585–9656), and the special rules of practice prescribed by the Supreme Court of the United States, are administered in accordance with the principles and practice of equity. They are not, therefore, subject to the Conformity Act. Scott v. Neeley, 140 U. S. 106, 111, 11 Sup. Ct. 712, 35 L. Ed. 358; Payne v. Hook, 7 Wall. 425, 430, 19 L. Ed. 260; In re Veler, 249 Fed. 633, 161 C. C. A. 543; First Nat'l Bank of Philadelphia v. Abbott, 165 Fed. 852, 91 C. C. A. 538; In re Fellerman (D. C.) 149 Fed. 244, 247, 248.

[4] The trustee in bankruptcy upon his appointment and qualification by operation of law and without any transfer is invested with the title to all the property of the bankrupt with the right to its possession whether it is at the time in the hands of the bankrupt, or of his receiver, or in the hands of a third person who himself holds title as trustee for the bankrupt. It goes without saying that the trustee possesses in respect to the bankrupt's property any and all rights that the receiver possessed, and that his title relates back to the date of the adjudication of bankruptcy. He is entitled to any and all rights which the receiver had and more as the receiver did not have the title. All this is familiar and well established law.

Section 70 of the Bankruptcy Act (Comp. St. § 9654) expressly invests the trustee with the title to all "documents" relating to the bankrupt's property. He is thus invested by operation of law with title to all the bankrupt's books, papers, contracts, securities, etc., relating to his business. He is made the owner of them with title from the adjudication. 1 Remington on Bankruptcy, §§ 955–956; 7 C. J. 19; In re Hess (D. C.) 134 Fed. 109; Babbitt v. Dutcher, 216 U. S. 102, 30 Sup. Ct. 372, 54 L. Ed. 402, 17 Ann. Cas. 969. The bankrupt loses his right to the possession and control of his books from the entry of the order directing him to turn them over to the receiver. As was said by Chief Justice Taft in Dier v. Banton, 262 U. S. 147, 150, 43 Sup. Ct. 533, 534 (67 L. Ed. 915): "This change of possession and control is for the purpose of properly carrying on the investigation into the affairs of the alleged bankrupt and the preservation of his assets pending such investigation, the adjudication of bankruptcy vel non, and if bankruptcy is adjudged, the proper distribution of the estate."

[5] The general rule is that a proceeding for contempt to enforce a civil remedy can be instituted by an aggrieved party, or by one who succeeds to his rights, or by one who has a pecuniary interest in the right to be protected. And a trustee in bankruptcy certainly succeeds to any and all rights which the receiver had.

It is claimed that this proceeding to punish the petitioner was improperly instituted inasmuch as the order involved required the bankrupt to turn over the books to the receiver, and the receiver was therefore the party aggrieved and the one who should have instituted this proceeding which was brought by the trustee who had no right to bring it. We cannot concur in any such contention. It seems to us to be absolutely without merit.

It may be that the court on its own motion and without the intervention of either the trustee or the receiver when it was informed that its order had not been complied with might itself have taken steps to vindicate the administration of the law by bringing the bankrupt before it by an attachment and making an inquiry into the facts. See Langdon v. Wayne Circuit Judges, 76 Mich. 358, 374, 43 N. W. 310; Tindall v. Nisbet, 113 Ga. 1114, 39 S. E. 450, 55 L. R. A. 225. But as to that we do not now express an opinion—that question not now being before us. And in the case last cited it is held that a creditor who is prima facie entitled to participate in a fund held by a receiver who has violated the court's order as to the disposition of the fund may

move an attachment against the receiver, although the receiver had not been directed to pay any part of the fund over to the creditors.

We may, however, point out that it has even been held, in Ex parte Baird, 27 N. B. 99, to be a matter of no importance who institutes the proceedings for contempt, since the alleged contemner is not prejudiced in his defense by the particular mode in which the facts are brought to the attention of the court. And in Regina v. Ellis, 28 N. B. 497, 520, the court said:

"As the object of granting a rule nisi for an attachment is to give a person charged with contempt an opportunity of answering the charge. it would seem to be a matter of no importance to him whether the motion was made by the Attorney General, or by a barrister not representing the crown. When facts are brought before the court by affidavit showing prima facie that a contempt of court has been committed, I think the court has power to act upon it even though the application is not made by a crown officer; that is not a question for the court to consider and is not an objection which can be taken by the party against whom the rule nisi is granted, who cannot possibly be prejudiced in his defense by the particular mode in which the facts are brought to the notice of the court, so long as they are stated on affidavit."

But it is enough now to decide that the trustee in bankruptcy having succeeded to the bankrupt's property and to any and all rights which the receiver had therein has been injured and impeded in the settlement of the bankrupt's estate by the failure of this bankrupt to comply with the order to turn over the books to the receiver, and that being injured thereby he is entitled to institute the proceeding to punish the bankrupt for his failure to obey the order. Carnahan v. Carnahan, 143 Mich. 390, 397, 107 N. W. 73, 114 Am. St. Rep. 660, 8 Ann. Cas. 53; Gale v. Tuolumne County Water Co., 169 Cal. 46 145 Pac. 532; Hawley v. Bennett, 4 Paige (N. Y.) 163; Matter of Ball, 94 Misc. Rep. 113, 158 N. Y. Supp. 1095; People ex rel. Munsell v. Court of Oyer and Terminer, 101 N. Y. 245, 4 N. E. 259, 54 Am. Rep. 691; King v. Barnes, 113 N. Y. 476, 21 N. E. 182.

The petitioner herein relies strongly upon Ex parte Dickens, 162 Ala. 272, 50 South. 218. In that case one Selden had been appointed receiver, and the order directed the defendant to turn over certain bonds to him, as receiver, and at the same time contained an injunction restraining and enjoining the defendant from disposing of the bonds. In the interval, one Vizard was appointed receiver, in the place and stead of Selden. Thereafter, a motion was made to punish the defendant for contempt of court, for a failure to turn the bonds over to said Vizard, as receiver. The defendant was adjudged guilty of contempt for failing to turn the bonds over to Vizard, as receiver, although the order which was made required the defendant to turn the bonds over to Selden, as receiver. The Supreme Court of Alabama quashed the order of commitment and held that the court was without power, under the circumstances, to punish the defendant for contempt, and made reference to the fact that the order, for the alleged violation of which the defendant was punished for contempt, did not require him to turn over anything to Vizard, as receiver, but specifically required him to turn over the bonds to Selden, as receiver, and hence the failure to turn them over to Vizard, as receiver, was not a violation of the order.

It is perhaps enough to say that the receiver named in the above case was a state court receiver and that his status was entirely different from that of a receiver under the Bankruptcy Act. However, it may be in Alabama in reference to receivers appointed in a state court, it is not the law in the courts of the United States in bankruptcy proceedings, and we hold that in such proceedings a trustee in bankruptcy may institute a proceeding to punish for contempt a bankrupt who has been ordered to turn over his books and papers to his receiver and who has failed to comply with the order.

Order affirmed.