## 22575. BAKER *v.* SUTTON *et al.*

*R. D. Smith,* for plaintiff in error.

*C. A. Christian, Robert R. Forrester,* contra.

BROYLES, C. J. J. Y. Sutton and others brought suit against C. A. Baker and others, the petition as amended alleging, in substance, that Baker and other named defendants were directors of the Tift County Exchange, a corporation, during the period beginning January, 1930, and ending January, 1931; that defendant Archer was manager of said Tift County Exchange from January 1, 1929, to August 25, 1931; "that under the by-laws of said Tift County Exchange, by which said by-laws the affairs of said Tift County Exchange were governed, the manager and directors of said Tift County Exchange were instructed not to deal with any of the patrons of said Tift County Exchange on credit, the provision in said by-laws being as follows, to wit: Sec. 4. All transactions between the Exchange and its patrons, whether members or non-members, shall be on a cash basis; and it is understood that this provision also applies to both purchases and sales.. Neither the Manager nor the Board of Directors shall have any power to change or modify the terms of this section in any way;" that notwithstanding this provision of the by-laws, and in direct violation thereof, the directors and manager extended credit to customers, and thereafter the Tift County Exchange took bankruptcy; that the trustee in bankruptcy of the Tift County Exchange, under an order of the referee in bankruptcy, sold, transferred, and assigned to plaintiffs "all rights, title, interest, and claim of the Tift County Exchange, or my claims as trustee, the following personalty and choses in action, to wit: (*a*) All of the notes and accounts due to said Tift County Exchange and in my hand as trustee. (*b*) The charter of said named Tift County Exchange together with all rights contained therein. (*c*) The contingent liability of all directors and other officers of said Tift County Exchange under and by virtue of the by-laws of said exchange or by virtue of all laws, both State and Federal. (*d*) The contingent liability under fidelity bonds of

officers of said Tift County Exchange and payable to said Tift County Exchange now in the hands of me as trustee. It being my intention to transfer each and every chose in action belonging to said exchange, which vested in me as trustee, pursuant to the adjudication in bankruptcy under and by virtue of the said order of court." The petition further alleged: "that during the period beginning January, 1930, and ending January, 1931, that said manager and board of directors as hereinbefore set out, in disregard of the by-laws and in violation of their duty as officers aforesaid of Tift County Exchange, extended credit in the sum of $1344.98, which said credit as aforesaid was unauthorized and was in direct violation of their duty as aforesaid, and for which said amount said named officers are responsible. That although said credits were extended as aforesaid and although said named officers continued as such officers during the full period hereinbefore set out, that said named officers failed and refused to collect said indebtedness or to take any legal action to collect the same, and that by reason of the acts hereinbefore set out and on account of the failure of said defendants to use ordinary care and diligence to collect the same, that the said claims have become a total loss to Tift County Exchange, and that same was due to said Tift County Exchange when a petition in voluntary bankruptcy was filed as hereinbefore in this petition set out, and that at said date and at this date the said claims are uncollectible, and that such of said claims as are collectible are so few in number that the expense attending the collection thereof is so great as to make the said claims worthless and of no value, such breach of duty as aforesaid under the by-laws resulting in the damage aforesaid of the amount specified;" "that no part of said named indebtedness in this petition hereinbefore alleged has been collected, and that the same is now outstanding and due to your petitioners aforesaid."

Defendant Baker demurred generally and specially to the original petition and generally to the amendment to the petition. The demurrers were overruled, and the defendant Baker assigns error thereon in his bill of exceptions.

From the statement of facts it will be seen that the suit was brought against the officers of the Tift County Exchange for their alleged unauthorized extension of credit to customers and others

dealing with the Exchange which resulted in loss to the Tift County Exchange; that the chose in action, created by the officers' liability, was in the trustee in bankruptcy and was transferred and assigned by him to the plaintiffs. The grounds of demurrer, and subdivisions thereof, are numerous, and we will discuss only what we deem to be the controlling issues presented by the pleadings.

Do the allegations of the amended petition show a liability on the part of the directors and manager of the Tift County Exchange? "The directors of a corporation are bound to care for its property and manage its affairs in good faith, and for a violation of these duties resulting in waste of its assets or injury to the property they are liable to account the same as other trustees. And there can be no doubt if they do acts clearly beyond their power, whereby loss ensues to the corporation, or dispose of its property or pay away its money without authority, they will be required to make good the loss out of their private estates. This is the rule where the disposition made of money or property of the corporation is one either not within the lawful power of the corporation, or, if within the power of the corporation, is not within the power or authority of the particular officer or officers." 7 R. C. L. 473, § 454. In *Atlanta Real Estate Co.* v. *Atlanta National Bank*, 75 *Ga.* 40, the 1st headnote is as follows: "The directors and managers of a corporation, who control and have charge of its effects, are trustees for the stockholders, and both they and others who, with the knowledge of their misappropriation, aid them in diverting its property, would be liable to the injured parties." See also 7 R. C. L. 478, § 459; Fletcher's Cyclopedia of Corporations (1930), §§ 2416, 2442. The petition, showing that the by-laws of the Tift County Exchange expressly forbid the extension of credit, that the directors and manager violated this provision of the by-laws, and that such violation of the by-laws and unauthorized extension of credit resulted in loss to the corporation, sufficiently showed liability on the part of such officers.

Since said officers were liable, naturally they were liable to the corporation which they had injured, the Tift County Exchange, and this liability was an asset of the corporation which, like other assets of the corporation, passed to its trustee in bankruptcy. In the case of *Hall Hardware Co.* v. *Ladson Brick & Tile Co.*, 160

*Ga.* 341 (127 S. E. 754), the claim, though of a different nature, was, as in the instant case, against the directors and manager of an insolvent corporation, and the Supreme Court in that case held (headnote 1) that "the right of action to recover such assets for the benefit of its creditors, after the corporation has been adjudged a bankrupt, is in the trustee of the bankrupt, and not in a creditor who sues for himself and all other creditors of the corporation." "The filing of a petition in bankruptcy is not merely an appropriation by the bankrupt of his property to the payment of his debts, but the trustee appointed thereunder is vested not only with title to the property and all the rights of the bankrupt therein, but also with the *rights of action* of creditors with respect to property which has been fraudulently transferred or incumbered by him." (Italics ours.) In re Rodgers, 125 Fed. 170 (4). "The bankrupt's trustee is vested by operation of law with title to all the bankrupt's books, papers, contracts, securities, etc., relating to his business." In re Hess, 134 Fed. 109. "The receiver of a corporation as its representative may sue to enforce the liability to the corporation for official misconduct, and in case of the insolvency of the corporation, a creditors' bill may be maintained therefor. An assignee of all the assets of an insolvent corporation, after such assignment, has been held to represent the corporation as well as its creditors; and, unless he refuses to do so, is alone authorized to bring an action against the late directors of the corporation for their negligence and mismanagement of its affairs." 7 R. C. L. 489, § 469. See also Carlson Co. *v.* Ley, 259 Mass. 272 (168 N. E. 812); Horning *v.* Louis Peters & Co., 202 Mich. 140 (167 N. W. 874).

It being determined that liability of the officers existed, and was an asset of the corporation and passed to the trustee in bankruptcy as other assets of the corporation, the next question presented is as to the validity of the assignment by the trustee in bankruptcy to the plaintiffs. The Civil Code of 1910, § 3653, provides that "All choses in action arising upon contract may be assigned so as to vest the title in the assignee," subject to certain existing equities. And in *Sullivan* v. *Curling,* 149 *Ga.* 96 (99 S. E. 533, 5 A. L. R. 124), it was held that "a chose in action arising from a tort is assignable where it involves, directly or indirectly, a right of property." "Where there has been a com-

plete legal assignment of such a chose in action, the assignee may institute and maintain an action against the defendant tort feasors for the entire damage sustained." *Lamon* v. *Perry*, 33 *Ga. App.* 248, 250 (125 S. E. 907).

There is no merit in the demurrer to the amendment to the petition on the ground that the allegations therein seek to change the cause of action from an action ex contractu to an action ex delicto. Nor is there any merit in the contention of plaintiff in error that the petition "charged the defendant only with non-feasance." While the failure to collect would be non-feasance, the gravamen of the charge as shown by the amended petition as a whole is a misfeasance of the officers in acting contrary to the by-laws and extending credit to customers without authority to do so. Nor is there any merit in the contention that it is impossible from the petition "to determine how much liability arose, or against what particular directors or officers of the bankrupt corporation it existed, or the nature of the claim." The amended petition shows that the amount of liability that arose is $1344.98; that the claim was against C. A. Baker, W. B. Hutchinson, A. L. Ross, C. B. Clements and W. H. Caudill, directors, and C. A. Archer, manager; and the nature of the claim was, as above stated, for an unauthorized extension of credit in violation of an express provision of the by-laws. Nor is the case of *Van Pelt* v. *Hurt*, 97 *Ga.* 660 (25 S. E. 489), cited by counsel for plaintiff in error, convincing authority that the description of the property assigned in the instant case is too indefinite. In the *Van Pelt* case the court held that "A written assignment of 'all the claims' of the assignor against a named debtor arising from certain loans made by the assignor to the debtor, operates to pass to the assignee all choses in action falling within this description." And in discussing this headnote, the court said, on page 662, that the expression "all the claims" was very broad, and stated that "no particular form of assignment is required. The description of the property assigned is sufficient when it can be readily ascertained what property is meant." In the instant case the assignor, after setting forth the items transferred and assigned, stated further in the writing: "It being my intention to transfer *each and every chose in action* belonging to said exchange, which vested in me as trustee, pursuant to the adjudication in bankruptcy under

and by virtue of the said order of court." (Italics ours.) In *Southern Mutual Life Ins. Co.* v. *Durdin,* 132 *Ga.* 495 (64 S. E. 264, 131 Am. St. R. 210), the court held that "No special form of words is necessary to make an assignment of a chose in action. Any language, however informal, if it shows the intention of the owner of the chose in action to at once transfer it, so that it will be the property of the transferee, will be sufficient to vest the title in the assignee." See also *Myers* v. *Adams,* 14 *Ga. App.* 520 (81 S. E. 595). The allegations of the petition in the instant case show, that the directors and manager violated the express provisions of the by-laws of the corporation by extending credit which resulted in loss to the corporation, the claims arising from such extension of credit being "worthless and of no value;" that such conduct created a liability on the part of such officers; that this liability of the officers was an asset of the party injured, viz. the corporation, and was assignable by the trustee in bankruptcy of the corporation, under an order of the referee in bankruptcy; and that the assignment by the trustee in bankruptcy to the defendants in error was sufficiently specific, and created in defendants in error a right of action against such officers.

From what has been hereinbefore said, it follows that the amendment to the petition was properly allowed and that the overruling of the demurrer to the amendment was not error. There is likewise no merit in the assignment of error upon the judgment overruling the demurrer to the original petition. That judgment reads: "An amendment having been allowed in the within stated case, the demurrer herein is hereby overruled." While the original petition may have been subject to some grounds of the demurrer, the amendment allowed cured the defects in the original petition, and, the original petition containing enough to support the amendment, and the petition as amended. setting out a cause of action, the fact that the original petition may have been subject to some of the grounds of demurrer interposed to it is immaterial.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*