34645. BROOKS *et al. v.* WEST LUMBER COMPANY.

DECIDED JUNE 9, 1953—REHEARING DENIED JULY 11, 1953, JULY 30, 1953.

*Smith, Kilpatrick, Cody, Rogers & McClatchey, A. G. Cleveland, Jr., George B. Haley, Jr.,* for plaintiffs in error.
*Johnson, Hatcher, Rhudy & Meyerson,* contra.

TOWNSEND, J. ■ It is contended by the defendants that the direction of a verdict against them was error because it had become the law of the case that one of their defenses, which was supported by uncontradicted evidence, demanded a verdict in their favor, in that a demurrer to that defense had been overruled and no exceptions preserved to such ruling. In *Story* v. *First National Bank of Thomson*, 34 *Ga. App.* 27 (128 S. E. 12), it is held: "Where a general demurrer to a plea is overruled and no exception to this ruling is taken, the ruling becomes the law of the case and 'stands as a solemn adjudication that the plea was good.' *Bennett* v. *Simmons*, 30 *Ga. App.* 531 (118 S. E. 494), and citations. Where, on the trial of such a case, the defendant introduces evidence which substantially supports her plea, even though the plaintiff introduces conflicting evidence, it is error for the judge to direct a verdict for the plaintiff. *Pierpont Mfg. Co.* v. *Mayor &c. of Savannah*, 153 *Ga.* 455, and cases cited on pages 457 and 458 (112 S. E. 462); *Vickery* v. *Swicord*, 151 *Ga.* 145 (106 S. E. 92)."

Paragraph 15 of the answer contained a special defense as follows: "As a further and alternative defense, defendants allege that the plaintiff has not heretofore obtained judgment against the contractor, A. T. Wheeless, for the price of the materials as to which the plaintiff's lien is asserted and further show that the judgment referred to in paragraph 6 of the plaintiff's petition, as amended, is not a judgment for the price of such materials but is a judgment on the note executed under said contract of April 10, 1951, as alleged above." A demurrer was interposed to this defense on the ground that the allegations "are irrelevant and immaterial in that an express judgment for the price of materials is not necessary, but a judgment which includes the purchase price for the materials which have gone into the property of the defendants is sufficient to authorize a lien upon defendants' property." The overruling of this demurrer established as the law of the case that this defense was material, in that an express judgment for the price of materials must be shown in order to comply with the provisions of Code (Ann. Supp.) § 67-2002 (3), rather than a judgment on a note which includes the purchase price of the materials. The proof demanding a finding that the materialman's judgment against

the contractor, which was a condition precedent to the foreclosure of his lien, was not such an express judgment for the price of the materials—a finding was demanded, under the law of this case, that the plaintiff had failed to comply with the statutory conditions relative to foreclosure, and was therefore not entitled to a judgment in its favor. The trial court therefore erred in denying the motion for new trial, which specifically urged this defense. ·

■ A defendant is entitled to file as many separate defenses as he desires, regardless of whether such defenses are inconsistent or contradictory. Code § '81-310; *Associated Mutuals* v. *Pope Lumber Co.*, 200 *Ga.* 487 (1) (37 S. E. 2d 393). It follows, therefore, that a "further and alternative defense" set up by the defendants in paragraph 13 of their answer neither helped nor hindered the separate defense contained in paragraph 15 above referred to. For this reason the demurrer directed to the defense contained in paragraph 15 pertained to this defense alone, and the judgment overruling this demurrer did not, as contended by the defendant in error, have any relation to paragraph 13 so as to prevent the defense set out in paragraph 15 from becoming the law of the case.

■ Nor can it be contended that the judgment of the trial court in overruling a special demurrer to paragraph 6 of the amended petition is contradictory to what is here held. Although paragraph 6 alleged that the plaintiff had obtained a judgment against the contractor for $3,056.69, "which principal amount included the amount of $496.56 for materials sold and used in the improvement of defendants' property," the demurrer was based solely on the ground that no copies of the pleadings or judgment in that case were attached to the petition. Such a judgment is a condition precedent to recovery against the property owner, under the provisions of Code (Ann. Supp.) § 67-2002, but it is not the cause of action, nor the basis of the relief prayed, in such manner as to make it necessary to set out the pleadings, evidence, or judgment of such former suit in the foreclosure proceedings. Code § 81-105; *Simpson* v. *Charters*, 185 *Ga.* 592 (2) (196 S. E. 31). It was not error to overrule this ground of demurrer.

The trial court erred in denying the motion for new trial for the reason set out in the first division of this opinion.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*

ON MOTION FOR REHEARING.

The defendant in error, in its motion for rehearing, requests that this court order up from the trial court an order of the latter overruling a general demurrer to the petition, its contention being that the overruling of this demurrer is controlling and establishes as the law of the case that the allegations of paragraph 6 in the amendment to the petition (set out in division 3 of the opinion, supra) allege a sufficient compliance with Code (Ann. Supp.) § 67-2002 (3) to show "the commencement of an action *for the recovery of the amount of his claim* within 12 months from the time the same shall become due." It is unnecessary for this court to order a diminution of the record, as a copy of the order on the general demurrer is contained in properly certified exceptions pendente lite in the record before us.

From the record, then, it appears that the original petition contained no allegation whatever of an action commenced or judgment obtained against the contractor. The demurrer was to the original petition only, being filed on December 13, 1951, and the trial judge so notes in his order. The petition was materially amended on March 10, 1952, by the addition, among others, of a new paragraph 6 above set out. Thereafter the general demurrer to the petition was not renewed. "A demurrer to an original petition does not, without more, cover the petition after it has been amended in material respects. *Livingston* v. *Barnett,* 193 *Ga.* 640 (19 S. E. 2d 385) ; *Powell* v. *Cheshire,* 70 *Ga.* 357 (2 b) 48 Am. R. 572; *General Accident, Fire & Life Assur. Corp.* v. *Way,* 20 *Ga. App.* 106 (2) (92 S. E. 650)." *Mooney* v. *Mooney,* 200 *Ga.* 395 (2) (37 S. E. 2d 195) ; *Atlanta Paper Co.* v. *Sigmon,* 82 *Ga. App.* 730 (1) (62' S. E. 2d 363) ; *Satlof* v. *State,* 52 *Ga. App.* 208 (1) (182 S. E. 864) ; *Peoples Loan Co.* v. *Allen,* 199 *Ga.* 537, 557 (34 S. E. 2d 811). The general demurrer, which was not renewed, did not reach paragraph 6 of the amendment and in consequence cannot have become the law of the case as to such amendment. As stated in *Powell* v. *Cheshire,* supra (the oldest, and therefore the controlling, case on this point, so far as we have been able to dis-

cover): "A bill having been demurred to and an amendment made in regard to material matters, the original demurrer does not relate forward and cover both bill and amendment."

The special demurrer thereafter filed, as pointed out in division 3, supra, was not sufficient to present for adjudication whether the judgment against the contractor was in conformity with the provisions of Code (Ann. Supp.) § 67-2002 (3). The order on demurrer shows merely that the trial judge construed the amendment as having been filed to meet the demurrer, and that he then overruled the demurrer to the original petition as it stood before amendment. Accordingly, the existence of this order in no way affects the decision in this case.

This ruling is not in conflict with what is held in *Baker* v. *Sutton*, 47 *Ga. App.* 176 (170 S. E. 95), to the effect that it is not error to overrule a demurrer to an original petition after an amendment has been filed which cures the defects of the petition for the reason that the original defects have become immaterial. The case of *Citizens & Southern Nat. Bank* v. *King*, 184 *Ga.* 238 (190 S. E. 857), is also cited as a precedent for considering a demurrer to an original petition, when heard after the filing of a material amendment, as a demurrer to the amended petition. In that case, there was a general demurrer to the original petition, and a further general demurrer to the amendment, and the court stated that it considered both demurrers "with reference to the amended petition only," and then arrived at the conclusion that the petition as amended did not set forth a cause of action. None of these cases require or would support a ruling here to the effect that a general demurrer to an original petition which did not mention a previous judgment would, on order overruling the same, make it the law of the case that such judgment, when alleged in a subsequent amendment, was a judgment which would ipso facto support a recovery in the case at bar.

*Judgment adhered to.*